■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAL LA VALLEY, Appellant. [768 NYS2d 848]—Rose, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered April 8, 2002, convicting defendant upon his plea of guilty of two counts of the crime of sodomy in the first degree.

After pleading guilty to two counts of sodomy in the first degree and waiving his right to appeal, defendant was sentenced to concurrent terms of 10 years in prison, to be followed by a maximum five-year period of postrelease supervision. On his appeal, defendant primarily argues that his plea was not knowingly entered because County Court failed to inform him at the time of the plea that his sentence would include a period of mandatory postrelease supervision. Although defendant failed to register a timely objection at sentencing or otherwise move to withdraw the plea or vacate the judgment of conviction (*see People v Wehrle*, 308 AD2d 660, 661 [2003]), he argues that we should exercise our interest of justice jurisdiction to vacate the plea (*see People v Jachimowicz*, 292 AD2d 688, 688 [2002]). We

decline to do so, however, inasmuch as defendant did not object at the time of sentencing (*see People v Van Gorden,* 307 AD2d 547, 548 [2003]). Likewise, we find no basis for remitting the matter to County Court to give defendant the opportunity to present mitigating evidence regarding the appropriate period of postrelease supervision.

To the extent that defendant's claim of ineffective assistance of counsel calls into question the voluntariness of his plea, it survives the waiver of appeal but is also unpreserved (*see People v Miller,* 306 AD2d 752, 753 [2003]). Were we to address this claim, we would find that defense counsel negotiated a favorable plea and provided meaningful representation (*see People v Kreydatus,* 305 AD2d 935, 936 [2003], *lv denied* 100 NY2d 595 [2003]).

We have considered defendant's remaining contentions and find them to be similarly unavailing.

Crew III, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.