■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARI JO THOMPSON, Appellant. [771 NYS2d 732]—Kane, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered June 17, 2002, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant was charged with violating her probation by possessing alcohol and being arrested for committing, among other things, the offense of driving while intoxicated. During her County Court appearance, she admitted her arrest for driving while intoxicated and pleaded guilty to violating the terms of her probation. County Court revoked probation and sentenced her to 3 to 9 years in prison.

Defendant knowingly, intelligently and voluntarily entered

her plea. County Court inquired as to whether defendant had taken medication and whether it affected her ability to comprehend the proceedings, whether she had enough time to confer with counsel, whether she was satisfied with counsel and whether any other promises had been made (*see People v Banks*, 305 AD2d 812, 813 [2003], *lv denied* 100 NY2d 578 [2003]; *People v D'Adamo*, 293 AD2d 869, 872 [2002], *lv denied* 98 NY2d 730 [2002]). She answered these questions appropriately and there was no apparent inability to comprehend the proceedings. Defendant's argument concerning ineffective assistance of counsel is unpersuasive based on her answers to the court's inquiries, as well as counsel's negotiation of a favorable plea to satisfy not only the probation violation, but also the pending driving while intoxicated charge (*see People v La Valley*, 2 AD3d 1212, 1213 [2003]).

The sentence imposed by County Court was not harsh or excessive. The court's sentence fell within the permissible range for the original charge of attempted criminal sale of a controlled substance in the third degree (*see* Penal Law §§ 70.00, 110.05 [4]; § 220.39). Considering defendant's prior violation of probation and admitted use of cocaine while on probation, the sentence imposed was certainly warranted.

Cardona, P.J., Mercure, Peters and Mugglin, JJ., concur. Ordered that the judgment is affirmed.