[819 NE2d 990, 786 NYS2d 374]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENE VALENCIA, Appellant.

Argued September 9, 2004; decided October 14, 2004

**APPEARANCES OF COUNSEL**

*Laura R. Johnson*, New York City (*Kerry Elgarten* of counsel), for appellant.

*Robert T. Johnson, District Attorney*, Bronx (*Jonathan Zucker, Joseph N. Ferdenzi* and *Nancy D. Killian* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed.

In Supreme Court, Bronx County, defendant entered a guilty plea to a felony charge of criminal sale of a controlled substance in or near school grounds. Pursuant to the plea agreement, de-

fendant entered a drug treatment program. In entering the agreement, defendant was told that if he successfully completed the program, he would have the opportunity to withdraw his plea, plead guilty to a misdemeanor drug possession charge and receive a sentence of time served. However, if he failed to comply with the program's rules, committed any further crime, or left treatment before completing the program, he would be in violation of the plea agreement and sentenced as a second felony offender to an indeterminate prison term of 5 to 10 years.

Upon allegations that defendant violated the plea agreement, the sentencing court conducted an inquiry and sentenced defendant to prison. Defendant had entered four different treatment programs. He allegedly left one because of language difficulties, another because of an accident and a third because of an altercation with another resident.

Defendant left the last treatment facility without authorization, knowing that he would not be allowed to return. He was returned to court on a bench warrant several weeks later. The sentencing court determined that defendant violated the plea agreement and sentenced him to 5 to 10 years in prison. The Appellate Division unanimously affirmed, and a Judge of this Court granted defendant leave to appeal.

We agree with the Appellate Division's conclusion that the sentencing court conducted an inquiry sufficient to determine that a violation of the plea agreement occurred. It is well settled that "the sentencing process . . . must satisfy the requirements of the Due Process Clause" (*Gardner v Florida*, 430 US 349, 358 [1977]; *People v Outley*, 80 NY2d 702, 712 [1993]). Accordingly, this Court has held with regard to alleged violations of plea agreements, that to satisfy due process, a sentencing court must, prior to imposing the prison alternative pursuant to a plea agreement, conduct an inquiry sufficient to conclude that a violation of the plea agreement occurred (*see People v Outley*, 80 NY2d 702 [1993]).

Relying on the recent Second Circuit decision in *Torres v Berbary* (340 F3d 63, 71 [2d Cir 2003]), defendant argues that when an issue is raised as to an alleged violation of a plea agreement, due process requires the sentencing court to conduct an evidentiary hearing and find by a preponderance of the evidence that defendant violated the plea agreement before resentencing defendant to prison. Here, defendant does not dispute that he committed acts that constituted violations of the plea agreement.

In *Torres*, defendant disputed the court's conclusion that he committed acts that constituted a violation of his plea agreement by selling drugs in the treatment facility (*Torres*, 340 F3d at 65-66). Also, the sentencing court in *Torres* based its decision that defendant violated the plea agreement solely on a report grounded in speculation and uncorroborated statements. (*Torres*, 340 F3d at 66-67.) Here, however, defendant admitted that he committed acts that constituted violations of the plea agreement.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed in a memorandum.