■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORRAINE JOHNSON, Appellant. [783 NYS2d 724]—Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered September 18, 2003, which revoked defendant's probation and imposed a sentence of imprisonment.

In 1998, after waiving indictment, defendant was charged with two counts of criminal sale of a controlled substance in the third degree. In satisfaction of the charges, she pleaded guilty to attempted criminal sale of a controlled substance in the third degree and was sentenced to four months in jail and five years' probation. Shortly thereafter, she was permitted to continue on probation even though she had apparently violated its terms. In December 2002, however, defendant was charged in a second petition with violating the terms of her probation after she tested positive for cocaine use on five occasions and falsely reported to her probation officer that she was employed full time. Defendant admitted to the allegations contained in the petition and waived her right to a hearing. Although it was established that defendant would receive a sentence of 2 to 6 years in prison as a result of the violation, defense counsel requested County Court to consider medical evaluations and permit defendant to undergo drug rehabilitation treatment before imposing sentence. County Court agreed. Sentencing was thereafter repeatedly adjourned over the course of the ensuing nine months. During this time, defendant missed appointments with her probation officer as well as sessions in her outpatient rehabilitation program, resulting in her discharge, and forged a note from her doctor. As a result, County Court sentenced defendant to the 2 to 6-year prison term originally agreed to as part of the plea.

Defendant's sole contention on appeal is that the sentence imposed is harsh and excessive. We disagree. Defendant's history of drug use and demonstrated unwillingness to comply with the terms of her probation despite having been given many opportunities to do so over the course of a long period of time suggests that incarceration is the appropriate alternative. This, together with the fact that defendant agreed to the sentence as

part of the plea agreement, leads us to conclude that there are neither extraordinary circumstances nor an abuse of discretion warranting a reduction of the sentence in the interest of justice (*see People v Thompson*, 4 AD3d 626, 627 [2004], *lv denied* 3 NY3d 649 [2004]; *People v Murphy*, 257 AD2d 766, 767 [1999], *lv denied* 93 NY2d 876 [1999]).

Cardona, P.J., Crew III, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.