■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIANA L. HOPE, Appellant. [821 NYS2d 482]—

Appeal from a judgment of the County Court of Broome County (Pelella, J.), rendered September 20, 2005, convicting defendant upon her plea of guilty of the crime of criminal possession of a forged instrument in the second degree.

Defendant waived indictment and agreed to be prosecuted by a superior court information charging her with criminal possession of a forged instrument in the second degree and alleging that she presented two forged prescriptions for Vicodin at a pharmacy. Pursuant to a negotiated plea bargain agreement, defendant pleaded guilty as charged and agreed to enter a drug treatment program which, among other things, prohibited her unauthorized use or possession of drugs. Defendant was informed at this time that noncompliance with the program could lead to sanctions, including termination from the program and a sentence of up to $2^{1}/_{3}$ to 7 years in prison, and she was thereafter sentenced to a one-year conditional discharge. After defendant was found with a large amount of prescription drugs in her possession and admitted to a relapse, County Court summarily revoked her conditional discharge and resentenced her to 2 to 6 years in prison. Defendant now appeals.

Initially, inasmuch as defendant did not contest County Court's finding that she violated the conditional discharge and was afforded the opportunity to be heard on the violation, no formal hearing was required before her conditional discharge was revoked (*see* CPL 410.70 [1]; *People v Valencia*, 3 NY3d 714, 715 [2004]). Moreover, we are unpersuaded by defendant's claim that her sentence is harsh and excessive. Defendant has a lengthy criminal record characterized by drug and alcohol-related offenses and has been provided numerous opportunities to address her addiction. Considering that defendant failed to meet the conditions she accepted in connection with her voluntary, knowing and intelligent guilty plea, we find no abuse of discretion or extraordinary circumstances warranting a reduction of her sentence (*see People v Garner*, 28 AD3d 875, 875 [2006]; *People v Johnson*, 12 AD3d 727, 727-728 [2004], *lv denied* 4 NY3d 745 [2004]).

Cardona, P.J., Mercure, Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.