■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HELEN P. EVELAND, Appellant. [839 NYS2d 335]—

Peters, J. Appeal from a judgment of the County Court of Broome County (Pelella, J.), rendered October 4, 2005, convicting defendant upon her plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Arrested for selling cocaine, defendant waived indictment and agreed to be prosecuted by a superior court information, charging her with criminal sale of a controlled substance in the third degree. Pursuant to a negotiated, signed plea agreement, defendant pleaded guilty to the charge. In entering the plea agreement, defendant was advised that if she successfully completed both the inpatient and outpatient aspects of a specific drug treatment program, she could withdraw her plea, plead guilty to the misdemeanor of criminal possession of a controlled substance and be placed on three years of probation. She further agreed that if she failed to comply with the program or left prior to its completion, she would be in violation of the plea agreement and sentenced to a minimum term of $4^1/_2$ to 9 years in prison.

Defendant completed the inpatient portion of the program but failed to complete the outpatient portion. After her arrest, she appeared before County Court, was provided with counsel and advised that the drug court team determined that she was no longer eligible to participate in the program. The matter was scheduled for sentencing and a presentence investigation was ordered. At sentencing, defendant's conditional discharge was revoked and she was sentenced as a second felony offender to the minimum agreed upon term.

Upon appeal, defendant contends that she was denied due process when County Court failed to hold a formal evidentiary hearing prior to sentencing. While we agree that the sentencing court is required to conduct an inquiry sufficient to conclude that a violation of the plea agreement has occurred (*see People v Valencia*, 3 NY3d 714, 715 [2004]), defendant failed to contest County Court's finding that she violated the plea agreement. For that reason, no formal hearing was required (*see People v Hope*, 32 AD3d 1115, 1116 [2006]; *compare People v Jenkins*, 29 AD3d 1177, 1178 [2006]).

As to defendant's challenge to the voluntariness of her plea, it is unpreserved since no objection was raised during sentencing and no motion was made to withdraw her plea or vacate the judgment of conviction (*see People v Vance*, 27 AD3d 1015, 1016 [2006], *lv denied* 7 NY3d 764 [2006]; *People v Alexander*, 21 AD3d 1223, 1224 [2005], *lv denied* 5 NY3d 881 [2005]). Since the plea colloquy does not cast significant doubt upon defendant's guilt, we find no exception to the preservation rule (*see People v Thomas*, 307 AD2d 592, 592 [2003], *lv denied* 100 NY2d 625 [2003]).

Nor do we find merit to defendant's contention that she did not receive the effective assistance of counsel. Viewing counsel's performance in totality as of the time of the representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]), we note counsel's success in negotiating a dismissal of the charge of resisting arrest and in obtaining the minimum sentence permitted by law. Defendant received meaningful representation since the plea is advantageous and no record evidence casts doubt upon the effectiveness of her counsel (*see People v Ford*, 86 NY2d 397, 404 [1995]).

Finding no merit to the claim that the sentence was harsh or excessive, we affirm.

Cardona, P.J., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.