(October 2, 2007)

■ The People of the State of New York, Respondent, v Donald Jackson, Appellant. [841 NYS2d 862]—

Judgment, Supreme Court, Bronx County (Nicholas J. Iacovetta, J., at plea, John P. Collins, J., at sentence), rendered December 2, 2004, convicting defendant of criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously modified, on the law, to vacate the DNA databank fee, and otherwise affirmed.

Defendant's claim that he was entitled to a hearing on the issue of whether he violated the terms of his plea agreement is unpreserved since he never requested a hearing or moved to withdraw his plea (*see e.g. People v Delgado*, 14 AD3d 449 [2005], *lv denied* 4 NY3d 853 [2005]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that after a sufficient inquiry, the sentencing court properly determined that defendant had violated his plea agreement. There was no factual dispute requiring a hearing (*see People v Valencia*, 3 NY3d 714 [2004]), in view of the undisputed fact that, contrary to the plea agreement, defendant failed to appear for sentencing and was returned involuntarily on a bench warrant (*see e.g. People v Griffin*, 33 AD3d 561 [2006], *lv denied* 8 NY3d 881 [2007]). We also conclude that defendant received effective assistance in connection with his plea and sentencing under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *People v Ford*, 86 NY2d 397, 404 [1995]; *see also Strickland v Washington*, 466 US 668 [1984]).

As the People concede, since the crime was committed prior to the effective date of the legislation (Penal Law § 60.35 [1] [a]

[v] [former (1) (e)]), providing for the imposition of a DNA databank fee, that fee should not have been imposed. Concur— Lippman, P.J., Tom, Nardelli, Gonzalez and Kavanagh, JJ.