(June 26, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN DELAYO, Appellant. [860 NYS2d 321]—

Peters, J.P. Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered November 17, 2006, convicting defendant upon his plea of guilty of two counts of the crime of criminal sale of a controlled substance in the third degree.

After defendant was recorded selling crack cocaine to a police informant on four separate occasions in the Town of Rotterdam, Schenectady County, he was charged by multicount indictment with criminal sale of a controlled substance in the third degree (four counts) and criminal possession of a controlled substance in the third degree (five counts). Thereafter, he provided the police with a lengthy written statement detailing the murder of a woman in an apartment that he shared with Dwayne Wilson in the City of Schenectady, Schenectady County.

Defendant also executed a cooperation agreement wherein he agreed to, among other things, plead guilty to two counts of criminal sale of a controlled substance in the third degree and assist law enforcement with respect to the aforementioned unresolved homicide. The agreement provided that, in exchange

for his cooperation, defendant would later be permitted to withdraw his guilty pleas and enter a plea of guilty to one count of attempted sale of a controlled substance in the third degree, in full satisfaction of the indictment, and receive a prison sentence of 2 to 6 years. The cooperation agreement was contingent upon the truthfulness of defendant's statements—including his prior written statement—and his truthful testimony at any hearings, proceedings or trials relating to the death and burial of the woman, with the veracity of such statements and testimony "to be determined solely by the District Attorney." Such agreement also required that defendant not engage in any conduct calculated to undermine his credibility as a witness.

Defendant thereafter entered a plea of guilty in accordance with the terms of the cooperation agreement. After acquiring information from defendant's neighbors which was inconsistent with defendant's statement, the People determined that he had failed to provide complete and truthful cooperation and that his statements significantly undermined his credibility as a witness, and sought to have defendant sentenced in accordance with his original plea agreement. County Court found defendant in violation of the cooperation agreement and sentenced him to an aggregate term of 14 to 24 years in prison, with one year of postrelease supervision.

Upon appeal, defendant contends that County Court's failure to hold a formal evidentiary hearing, prior to sentencing, on the issue of whether he violated the terms of his plea and cooperation agreement denied him due process. As defendant neither requested such a hearing nor moved to withdraw his plea, this issue is unpreserved for our review (*see* CPL 470.05 [2]; *People v Jackson*, 44 AD3d 301, 301 [2007], *lv denied* 9 NY3d 1006 [2007]; *People v Anonymous*, 11 AD3d 245, 245 [2004], *lv denied* 4 NY3d 741 [2004]; *People v Thompson*, 193 AD2d 841, 842 [1993]; *see generally People v Mackey*, 77 NY2d 846 [1991]). In any event, County Court conducted an inquiry sufficient to conclude that defendant violated the cooperation agreement (*see People v Valencia*, 3 NY3d 714, 715 [2004]) and defendant did not contest County Court's finding in this respect or dispute the sworn evidence proffered by the People in support of their allegation that he breached the terms of the agreement. Under these circumstances, an evidentiary hearing was not required (*see id.* at 715; *People v Eveland*, 42 AD3d 755, 755-756 [2007], *lv denied* 9 NY3d 961 [2007]; *People v Hope*, 32 AD3d 1115, 1116 [2006]).

We also reject defendant's assertion that counsel's failure to

request an evidentiary hearing or challenge the People's position that he violated the cooperation agreement deprived him of the effective assistance of counsel. In light of the exhaustive evidentiary presentation made by the People in support of their determination that defendant breached the agreement, which included several affidavits contradicting material portions of defendant's written statement, and given the fact that defendant was confronted with the discrepancies and provided an opportunity to explain them, yet failed to do so, counsel cannot be faulted for failing to pursue a potentially futile endeavor (*see People v Stultz*, 2 NY3d 277, 287 [2004]; *People v Jackson*, 48 AD3d 891, 893 [2008], *lv denied* 10 NY3d 841 [2008]). Further, counsel's decision not to make an argument that defendant's neighbors may have witnessed a separate and distinct incident involving defendant and Wilson, which could have exposed defendant to further criminal liability, was a legitimate strategic decision which does not amount to ineffectiveness (*see People v Benevento*, 91 NY2d 708, 712-713 [1998]; *People v Morehouse*, 5 AD3d 925, 927 [2004], *lv denied* 3 NY3d 644 [2004]). Notably, defense counsel filed comprehensive pretrial motions, conducted pretrial discovery and negotiated a favorable plea bargain. Thus, when viewed in totality and at the time of the representation, counsel's performance was meaningful (*see People v Baldi*, 54 NY2d 137, 147 [1981]).

Rose, Lahtinen, Kane and Stein, JJ., concur. Ordered that the judgment is affirmed.