■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANONYMOUS, Appellant. [873 NYS2d 61]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered June 12, 2007, convicting defendant, upon her plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing her, as a second felony drug offender, to a term of 4½ to 9 years, unanimously affirmed.

Regardless of whether defendant's waiver of the right to appeal forecloses review of the issues she now raises, we find no basis for reversal. Defendant's claim that she did not receive the hearing to which she was entitled is not preserved for our review and we decline to review it in the interest of justice. As an alternate ground, we reject it as meritless. After a suitable inquiry into whether defendant violated the conditions of her plea, and after according her a full opportunity to be heard, the court lawfully sentenced defendant in accordance with her plea agreement without holding an evidentiary hearing (*see People v Valencia*, 3 NY3d 714 [2004]; *People v Outley*, 80 NY2d 702, 712

[1993]). After entering into a plea agreement, defendant was released to a drug treatment facility on her own recognizance. She thereafter left the facility and the state, and was involuntarily returned a year later on a bench warrant. This conduct, which, she admitted, violated the express terms of her plea agreement, disqualified her from receiving the lenient alternative disposition she had been promised if she satisfied all the relevant conditions (*see e.g. People v Jackson*, 44 AD3d 301 [2007], *lv denied* 9 NY3d 1006 [2007]). Defendant received a reasonable opportunity to present her explanation that she absconded as a result of being threatened. Since she admitted that she acted unilaterally, without contacting the court, her attorney or law enforcement authorities about the alleged threats, she did not establish any justification for violating her plea agreement (*cf. People v Smith*, 309 AD2d 599 [2003], *lv denied* 1 NY3d 601 [2004] [unreported "safety concerns" did not justify unilateral withdrawal from drug program]).

Accordingly, there was no factual issue warranting the taking of testimony. Concur—Tom, J.P., Saxe, McGuire, Moskowitz and Freedman, JJ.