■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARMANDO VILLANUEVA, Also Known as ARMONDO VILLANUEVA, Appellant. [885 NYS2d 201]—

Judgment, Supreme Court, New York County (Patricia M. Nunez, J.), rendered March 28, 2008, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him to a term of 1 to 3 years, unanimously affirmed.

The court properly granted defendant's motion for specific performance of the plea agreement only to the extent of sentencing defendant in accordance with the fair and reasonable recommendation of leniency made by the People, and properly concluded that defendant had forfeited the even more favorable disposition he might have earned had he complied with all the terms of the agreement. Defendant did not preserve his claim that he was entitled to a hearing concerning the reasons for his failure to appear voluntarily at sentencing (*see People v Anonymous*, 59 AD3d 215 [2009], *lv denied* 12 NY3d 850 [2009]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. The requirements of due process were satisfied when the sentencing court "conduct[ed] an inquiry sufficient to conclude that a violation of the plea agreement occurred" (*People v Valencia*, 3 NY3d 714, 715 [2004]) and provided defendant with a reasonable opportunity to present his explanations for the violation. Defendant failed to appear for sentencing, never communicated with the court or his attorney about his alleged inability to come to court, and was returned involuntarily 10 years later. The record before the court also supported a finding that defendant violated a second condition of the plea agreement by committing a crime prior to sentencing, notwithstanding that he subsequently pleaded guilty to a violation in satisfaction of the misdemeanor charges (*see People v Delgado*, 45 AD3d 496 [2007]). Concur—Gonzalez, P.J., Andrias, Catterson, Acosta and Abdus-Salaam, JJ.