■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE BARNES, Appellant. [899 NYS2d 189]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered September 26, 2006, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree and sentencing him, as a second felony offender, to a term of 3¹/₂ to 7 years, unanimously affirmed.

The court properly exercised its discretion in determining

that defendant's admitted violation of his plea agreement, by leaving a drug program without permission, disqualified him for the promised dismissal of the indictment. Defendant failed to preserve his claim that he was constitutionally entitled to a hearing (*see People v Barnes*, 46 AD3d 375 [2007], *lv denied* 10 NY3d 808 [2008]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. The court made a thorough inquiry, and there was no need for a hearing (*see People v Fiammegta*, 14 NY3d 90, 95-99 [2010]). Even if, as defendant claimed, he left the program to take advantage of an employment opportunity, it remained undisputed that he left without permission and thus violated the plea agreement. The consequence of that violation was a discretionary determination for the court, and there was no factual issue upon which to hold an evidentiary hearing. Instead, the court "provided defendant with a reasonable opportunity to present his explanations for the violation" and properly rejected them (*People v Villanueva*, 65 AD3d 939, 939 [2009], *lv denied* 13 NY3d 863 [2009]).

Defendant's excessive sentence claim is moot because he has been discharged from parole. Concur—Andrias, J.P., McGuire, Moskowitz, Acosta and DeGrasse, JJ.