■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN SUMMERS, Appellant. [914 NYS2d 634]—

Judgment, Supreme Court, New York County (Brenda S. Soloff, J., at plea; Michael R. Ambrecht, J., at dismissal motion and sentence), rendered August 5, 2008, convicting defendant of criminal possession of a controlled substance in the fourth degree, and sentencing him to a term of one year, unanimously affirmed.

The court properly denied defendant's motion to dismiss the indictment, made on the ground of delay in sentencing (*see* CPL 380.30 [1]), since the delay was not excessive and was occasioned by "plausible reasons" that should not trigger a loss of jurisdiction (*see People v Drake*, 61 NY2d 359, 366 [1984]). The only delay that defendant seeks to attribute to the People is a nine-month period where he was incarcerated in another state and the People sought to extradite him. Although the People made reasonable efforts to secure defendant's prompt attendance for sentencing, those efforts were frustrated by actions of authorities in the other state.

Defendant's excessive sentence claim is moot because he has completed his sentence (*see e.g. People v Barnes*, 72 AD3d 516 [2010], *lv denied* 15 NY3d 747 [2010]). Concur—Tom, J.P., Mazzarelli, Friedman, Renwick and DeGrasse, JJ.