—Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered January 26, 2010, as amended March 22, 2010, convicting defendant, upon his plea of guilty, of assault in the first and second degrees and criminal possession of a weapon in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of four years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal. In a thorough colloquy, the court carefully separated the right to appeal from the rights automatically given up by a guilty plea (see People v Lopez, 6 NY3d 248, 257 [2006]).
Regardless of whether defendant made a valid waiver of his right to appeal, and regardless of whether the waiver applied to post-plea sentencing enhancement issues, defendant’s claim that the court improperly enhanced his bargained-for sentence without sufficient inquiry into the validity of his post-plea arrests is unpreserved since defendant neither requested a hearing nor moved to withdraw his plea (see e.g. People v Malaj, 69 AD3d 487 [1st Dept 2010], lv denied 15 NY3d 776 [2010]; People v Carrillo, 2 AD3d 260 [1st Dept 2003], lv denied 2 NY3d 797 [2004]), and we decline to review it in the interest of justice. As an alternate holding, we find that the court conducted a sufficient inquiry and properly imposed an enhanced sentence (see People v Outley, 80 NY2d 702, 713-714 [1993]). Since defendant did not challenge the validity of his post-plea arrests or deny his involvement in the underlying crimes, the court was under no obligation to conduct an inquiry into the validity of these arrests (see e.g. People v Pinkston, 287 AD2d 294 [1st Dept 2001], *462 lv denied 97 NY2d 707 [2002]). There were no disputed factual issues that required a hearing as a matter of due process (see People v Valencia, 3 NY3d 714 [2004]; compare Torres v Berbary, 340 F3d 63 [2d Cir 2003]).
Regardless of whether defendant validly waived his right to appeal, we perceive no basis for reducing the sentence.
Concur— Tom, J.E, Andrias, Saxe, Abdus-Salaam and Gische, JJ.