The People of the State of New York, Respondent,
against
Robert Constantino, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Anthony J. Ferrara, J.), rendered November 29, 2012, after a jury trial, convicting him of four counts of criminal mischief in the fourth degree, four counts of making graffiti and one count of possession of graffiti instruments, and imposing sentence.




Per Curiam.
Judgment of conviction (Anthony J. Ferrara, J.), rendered November 29, 2012, affirmed.
The verdict convicting defendant of criminal mischief in the fourth degree (see Penal Law § 145.00[1]), making graffiti (see Penal Law § 145.60) and possession of graffiti instruments (see Penal Law § 145.65), was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. The evidence, including video surveillance footage, established that defendant, without permission, used red spray-paint and a stencil to paint the words "NYPD Get Your Hands Off Me" on two pillars of the Tweed Courthouse and two pillars at the southeast entrance of City Hall Park (see Matter of Oscar G., 83 AD3d 468 [2011]). Defendant's requisite intent to damage the property is fairly inferred from his acts and the surrounding circumstances (see People v Steinberg, 79 NY2d 673, 685 [1992]; Matter of Carlos M., 32 AD3d 686, 687 [2006]), as well as defendant's written blog entry about the incident. 
The "extent of damage necessary to sustain a conviction for fourth degree criminal mischief is slight" (People v Hills, 95 NY2d 947, 949 [2000]), and the evidence presented, including photographs of the spray-painted pillars and testimony from the City custodian regarding the time and effort expended to remove the graffiti, was sufficient to support the conviction.
Defendant's present challenge to a condition of his probation is moot, since defendant has already served his entire sentence, including the period of probation (see e.g. People v Summers, 80 AD3d 520 [2011], lv denied 16 NY3d 863 [2011]; see also Matter of Leake v Connelie, 75 AD2d 912, 913 [1980]). The limited exception to the mootness doctrine is not applicable since there is no proof in the record that the fact-specific issue presented here is likely to recur (see [*2]Coleman v Daines, 19 NY3d 1087, 1090 [2012]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: September 28, 2016