The People of the State of New York, Respondent, 
against
Angel Rosales, Appellant.



Appeal from five amended judgments of the Criminal Court of the City of New York, Kings County (Raymond Rodriguez, J., at pleas; Jacqueline D. Williams, J., at sentences), rendered May 9, 2013. The amended judgments revoked sentences of conditional discharge previously imposed by the same court (Jacqueline D. Williams, J.), upon defendant's admission that he had violated a condition thereof, and resentenced him to concurrent terms of imprisonment of six months on his convictions of criminal possession of a controlled substance in the seventh degree and of four charges of petit larceny.




ORDERED that the amended judgments of conviction are affirmed.
Defendant was charged in separate accusatory instruments with four charges of petit larceny (Penal Law § 155.25), in which it was alleged that he had stolen various items from four different stores on December 24, 2012, January 30, 2013, February 4, 2013, and March 10, 2013, respectively. Defendant was also charged in a fifth accusatory instrument with criminal trespass in the third degree (Penal Law § 140.10 [a]), trespass (Penal Law § 140.05), and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). According to that accusatory instrument, on March 21, 2013, defendant was in the backyard of a residential apartment building without permission or authority. The police recovered a quantity of crack cocaine that defendant had dropped to the ground.
On April 2, 2013, defendant appeared before Judge Raymond Rodriguez. Defendant agreed to plead guilty to criminal possession of a controlled substance in the seventh degree and four charges of petit larceny. He agreed to enter a residential drug treatment program for 18 to 24 months. In the event defendant did not complete the program, he would be sentenced to concurrent terms of incarceration of six months. The court conducted an allocution of defendant, at which he agreed that no one had forced or threatened him to enter the plea. He was pleading guilty of his own free will. The court told defendant that he had the right to a trial where he could call witnesses and have his attorney question the People's witnesses. Defendant had the right to testify or remain silent. He agreed that he was giving up those rights in each of the five cases, and that this was what he wanted to do. The court informed defendant that if he was not a United States citizen, the convictions could have negative immigration consequences for him. Defendant agreed that he still wanted to plead guilty. He admitted that, at approximately 4:50 p.m. on March 21, 2013 at 49 Throop Avenue in Brooklyn, he knowingly and unlawfully possessed a quantity of cocaine, and admitted to the underlying facts of the four petit larcenies.
On April 16, 2013, defendant was sentenced by Criminal Court Judge Jacqueline D. Williams, as promised by Judge Rodriguez. On or about April 18, 2013, defendant left the drug rehabilitation program. On April 26, 2013, defendant appeared in court with counsel. The court adjourned defendant's case to May 9, 2013 for disposition and to determine whether he would be permitted to re-enter the treatment program or enter another program. On May 9, 2013, defendant appeared again before Criminal Court Judge Jacqueline D. Williams. Defendant admitted that he had violated a condition of the conditional discharges because he had failed to complete the substance abuse treatment program to which he had been assigned. The court sentenced defendant to concurrent terms of six months of incarceration.
On appeal from the amended judgments of conviction, defendant contends that the Criminal Court failed to inform him during the allocution at the May 9, 2013 court proceeding that he had a right to a hearing regarding whether he had violated the conditional discharges. The People respond that defendant's contention is unpreserved for appellate review and, in any event, defendant was not entitled to a hearing where the issue involved his participation in a drug rehabilitation program. Moreover, defendant had had an opportunity to be heard.
CPL 410.70 (1) provides that a "court may not revoke a sentence of probation or a sentence of conditional discharge . . . unless (a) the court has found that the defendant has violated a condition of the sentence and (b) the defendant has had an opportunity to be heard pursuant to this section." CPL 410.70 (3) provides that the "hearing must be a summary one by the court without a jury . . . . A finding that the defendant has violated a condition of his sentence must be based upon a preponderance of the evidence."
Defendant never requested a hearing on the violation of the conditional discharges. However, as defendant was sentenced to incarceration on May 9, 2013, at the same proceeding at which he admitted to violating the conditional discharges, we will consider his claim (see People v Tyrell, 22 NY3d 359 [2013]).
A hearing pursuant to CPL 410.70 is not required where, as here, the defendant admits, or it is undisputed, that he or she violated the terms of a conditional sentence by not completing a substance abuse treatment program (see People v Valencia, 3 NY3d 714, 715 [2004]; People v Bonano, 124 AD3d 495 [2015]; People v McDevitt, 97 AD3d 1039, 1041 [2012]; People v O'Neill, 76 AD3d 1143, 1143-1144 [2010]; People v Billups, 63 AD3d 750 [2009]; People v DeRosa, 39 Misc 3d 137[A], 2012 NY Slip Op 52471[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). At the April 26, 2013 and May 9, 2013 court appearances, the parties essentially discussed whether defendant wanted to re-enter treatment or accept a sentence of incarceration. Under the circumstances, the court assured "itself that the information upon which it base[d] the sentence [was] reliable and accurate" (People v Outley, 80 NY2d 702, 712 [1993]). Moreover, defense counsel had an "opportunity to comment on the facts before" sentence was imposed (People v DeRosa, 39 Misc 3d 137[A], 2012 NY Slip Op 52471[U], *2). Thus, defendant's contention is without merit. 
Accordingly, the amended judgments of conviction are affirmed.
Pesce, P.J., Solomon and Elliot, JJ., concur.
Decision Date: February 03, 2017