People v Buckley (2018 NY Slip Op 08380)





People v Buckley


2018 NY Slip Op 08380


Decided on December 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 6, 2018

109242

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DUSTIN D. BUCKLEY, Appellant.

Calendar Date: October 9, 2018

Before: McCarthy, J.P., Devine, Mulvey, Rumsey and

 Pritzker, JJ.

Kathy Manley, Selkirk, for appellant.
Benjamin K. Bergman, Special Prosecutor, Binghamton, for respondent.



MEMORANDUM AND ORDER
McCarthy, J.P.
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered February 28, 2017, convicting defendant upon his plea of guilty of the crime of burglary in the first degree.
Defendant and Timothy Ellis broke into a residence in Broome County, where Ellis physically assaulted the homeowner, causing permanent and debilitating injuries. Defendant agreed to waive indictment and be prosecuted pursuant to a superior court information charging him with one count of burglary in the first degree. After entering into a cooperation agreement with the District Attorney's office relative to the prosecution of Ellis and another person, defendant pleaded guilty to the charged crime in September 2015 and testified before a grand jury.
Following the election of a new District Attorney, a conflict arose in the prosecution of defendant, prompting the appointment of a Special Prosecutor in January 2016. In response to a dispute regarding defendant's sentencing exposure under the 2015 cooperation agreement,[FN1] the Special Prosecutor offered to enter into a new cooperation agreement; if defendant cooperated, his original plea would be vacated, and he would be permitted to plead guilty to the reduced charge of burglary in the second degree with a sentencing commitment of 4½ years in prison followed by five years of postrelease supervision. Defendant rejected that offer and sought a hearing to determine whether he was entitled to specific performance of the 2015 cooperation agreement.
When the parties returned to court in February 2016, defendant elected to forgo the scheduled hearing and executed a detailed cooperation agreement that mirrored the Special Prosecutor's prior offer. Pursuant to the terms of that agreement, the 2015 agreement was rendered void, the Special Prosecutor retained sole discretion to determine whether defendant had fully cooperated with the subject prosecution and defendant both waived his right to a specific performance hearing and expressly declined an opportunity to withdraw his plea. Defendant further acknowledged that, should he fail to cooperate to the satisfaction of the Special Prosecutor or otherwise breach the 2016 cooperation agreement, his plea of guilty to the crime of burglary in the first degree would stand, thereby exposing him to a prison term ranging from 5 years to 25 years, plus five years of postrelease supervision.
In November 2016, the Special Prosecutor advised County Court that the cooperation agreement was being withdrawn based upon his determination that defendant failed to fully cooperate in the prosecution of Ellis. The court thereafter sentenced defendant to a prison term of 14 years followed by five years of postrelease supervision. This appeal ensued.
Defendant's present claim — that County Court erred in failing to apprise him of his right to request a hearing to address whether he adequately cooperated under the terms of the 2016 agreement so as to require specific performance — is unpreserved for our review inasmuch as defendant did not request such a hearing or move to vacate his plea (see People v Delayo, 52 AD3d 1114, 1115 [2008], lv denied 11 NY3d 787 [2008]; People v Lopez, 290 AD2d 323, 323 [2002], lv denied 97 NY2d 757 [2002]). Defendant's related ineffective assistance of counsel claim would more appropriately be presented in a CPL article 440 motion, where a record could be developed, because the current record is unclear regarding whether counsel discussed with defendant the possibility of requesting such a hearing and the likelihood of whether he could prevail at such a hearing (see People v Cantey, 161 AD3d 1449, 1450-1451 [2018], lvs denied 32 NY3d 935, 940 [2018]; People v Perkins, 140 AD3d 1401, 1403 [2016], lv denied 28 NY3d 1126 [2016]; People v Griffin, 134 AD3d 1228, 1230 [2015], lv denied 27 NY3d 1132 [2016]).
Based on the Special Prosecutor's determination that defendant did not adequately cooperate, the agreement did not require the imposition of any particular sentence. Furthermore, despite certain mitigating factors, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see generally People v Destouche, 154 AD3d 1003, 1004 [2017]).
Devine, Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant contended that he had been offered a sentence of six months in jail followed by five years of probation (subject to the then-District Attorney's approval), whereas the Special Prosecutor insisted that "a state prison sentence" was part of the agreement from its inception.