People v Galloway (2021 NY Slip Op 02346)





People v Galloway


2021 NY Slip Op 02346


Decided on April 15, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 15, 2021

Before: Renwick, J.P., Gische, Moulton, Mendez, JJ. 


Ind No. 3486/14,1322/16 3486/14 1322/16 Appeal No. 13597-13597A Case No. 2017-2253 

[*1]The People of the State of New York, Respondent,
v
Khalil Galloway, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Hannah B. Gladstein of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (John T. Hughes of counsel), for respondent.



Judgments, Supreme Court, New York County (Maxwell Wiley, J.), rendered October 20, 2016, convicting defendant, upon his pleas of guilty, of robbery in the first degree (two counts), robbery in the second degree, attempted assault in the first degree (two counts), assault in the second degree (two counts), and bail jumping in the first degree, and sentencing him to an aggregate term of five years, unanimously affirmed.
The court providently exercised its discretion in imposing the original promised sentence after determining that defendant had violated several conditions of his plea, including participation in a treatment program. On appeal, defendant claims that his departure from the program, after two days, was not willful, but was the product of his psychiatric illness. He asserts that the court should have conducted an inquiry, and made findings, as to whether his noncompliance actually violated the plea agreement.
This argument is unpreserved.
When defendant was returned for sentencing, defense counsel raised an issue as to defendant's mental condition and its effect on his noncompliance. However, this was in the context of asking the court to exercise its discretion to permit defendant to enter another program or receive a more lenient sentence than the original promise. Thus, this did not preserve a claim that, as a matter of law, defendant was entitled to an inquiry into whether he willfully absconded from the program and related matters (see People v Hernandez, 149 AD3d 503 [1st Dept 2017], lv denied 29 NY3d 1080 [2017]). We decline to review this claim in the interest of justice. As an alternative holding, we find that the court conducted a sufficient inquiry into defendant's undisputed failure to comply with the plea agreement, made adequate findings, and providently imposed sentence (see People v Outley, 80 NY2d 702, 713-714 [1993]). On the record before the sentencing court, there were no disputed factual issues that required a further inquiry as a matter of due process (see People v Valencia, 3 NY3d 714 [2004]).
We perceive no basis for reducing the sentence, including the three-year term of postrelease supervision. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 15, 2021