People v Kelly (2021 NY Slip Op 06451)





People v Kelly


2021 NY Slip Op 06451


Decided on November 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 18, 2021

Before: Kapnick, J.P., Webber, Oing, Moulton, Rodriguez, JJ. 


Ind No. 299/18 Appeal No. 14653 Case No. 2019-4595 

[*1]The People of the State of New York, Respondent,
v
James Kelly, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Hannah Gladstein of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Diana J. Lewis of counsel), for respondent.



Judgment, Supreme Court, Bronx County (George Villegas, J. at plea; Raymond Bruce, J. at sentencing), rendered August 9, 2018, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of three years, unanimously affirmed.
Defendant's claim that the sentencing court violated his due process rights by failing to conduct an inquiry and make findings as to the circumstances of his leaving two drug treatment programs is unpreserved. Defendant never requested any such inquiry and findings, and did not move to withdraw his plea on this or any other ground (see e.g. People v Malaj, 69 AD3d 487 [1st Dept 2010], lv denied 15 NY3d 776 [2010]). Counsel's statement at sentencing was not a request for an inquiry and did not raise a factual dispute. We decline to review defendant's claim in the interest of justice. As an alternative holding, we reject it on the merits. The court was not required to make a further inquiry before imposing the negotiated alternative prison sentence. Defense counsel acknowledged that defendant voluntarily and without permission, left each program thereby violating the conditions of the plea agreement. It is also undisputed that defendant was subsequently arrested and convicted of additional crimes, also in violation of his plea agreement. Accordingly, a further inquiry was not required (see People v Valencia, 3 NY3d 714 [2004]), and the court properly found that defendant had forfeited the opportunity for a more lenient disposition.
Finally, we find that defendant made a valid waiver of his right to appeal. Thomas, 34 NY3d 545 [2019], cert denied 589 US —&mdash, 140 S Ct 2634 [2020]; People v Bryant, 28 NY3d 1094, 1096 [2016]. Even assuming the waiver was not valid, we perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2021