People v Martinez (2025 NY Slip Op 00987)

People v Martinez

2025 NY Slip Op 00987

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2023-05310
 (Ind. No. 70207/22)

[*1]The People of the State of New York, respondent,
v
Jackelyn Martinez, appellant.

Samuel Coe, White Plains, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Cynthia Dolan and Andrew R. Kass of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig S. Brown, J.), rendered May 15, 2023, convicting her of promoting prostitution in the third degree, upon her plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
In January 2023, the defendant pleaded guilty to promoting prostitution in the third degree (Penal Law § 230.25[2]) in exchange for a promised sentence. As a condition of the plea, the County Court required the defendant to cooperate fully with the Department of Probation in connection with its preparation of the presentence report and to truthfully answer the questions posed by the Department of Probation. The court advised the defendant that, if she failed to honor the terms of the plea agreement, she could be subject to an enhanced sentence. Thereafter, based on statements made by the defendant during her interview with the Department of Probation, the court determined that the defendant violated the terms of her plea agreement and imposed an enhanced sentence. The defendant appeals.
"'Conditions imposed as part of a plea arrangement are valid if the parties agree to them and they do not violate any statute or contravene public policy'" (People v Takie, 172 AD3d 1249, 1250, quoting People v Avery, 85 NY2d 503, 507). "A court is free to impose a condition as part of a plea arrangement requiring that a defendant cooperate with the Department of Probation . . . by, among other things, truthfully answering questions and not denying guilt during a probation department interview" (People v Ramirez, 175 AD3d 569, 570). "The violation of an explicit and objective plea condition that was accepted by the defendant can result in the imposition of an enhanced sentence" (People v Volpe, 226 AD3d 708, 709 [internal quotation marks and citations omitted]). "Due process . . . requires that, before imposing an enhanced sentence, the court conduct an inquiry sufficient for it to determine that the defendant indeed violated the plea condition" (People v Guzman-Hernandez, 135 AD3d 957, 957; see People v Valencia, 3 NY3d 714, 715).
Contrary to the defendant's contention, under the circumstances of this case, the County Court's inquiry was sufficient to determine that the defendant had violated a condition of her [*2]plea agreement (see People v Durkin, 214 AD3d 741, 742; People v Shealy, 195 AD3d 1047, 1048).
Accordingly, the County Court providently exercised its discretion in imposing the enhanced sentence (see People v Hicks, 98 NY2d 185, 189).
The defendant's remaining contention is unpreserved for appellate review, as the defendant did not move to withdraw her plea or otherwise raise this issue before the County Court (see CPL 470.05[2]). In any event, the contention is without merit (see People v Valencia, 3 NY3d at 715; People v Outley, 80 NY2d 702, 702).
DUFFY, J.P., MILLER, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court