People v Carter (2026 NY Slip Op 00105)

People v Carter

2026 NY Slip Op 00105

Decided on January 13, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 13, 2026

Before: Manzanet-Daniels, J.P., Kapnick, Rosado, Michael, Hagler, JJ. 

Ind No. 1593/17|Appeal No. 5568|Case No. 2019-5884|

[*1]The People of the State of New York, Respondent,
vShaquana Carter, Appellant.

Twyla Carter, The Legal Aid Society, New York (Hardold V. Ferguson, Jr. of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Peter Rienzi of counsel), for respondent.

Judgment, Supreme Court, New York County (James M. Burke, J.), rendered April 3, 2019, convicting defendant, after a jury trial, of criminal possession of stolen property in the fifth degree, and sentencing her to a three-year conditional discharge, unanimously affirmed.
Defendant failed to preserve her claim that her conviction of criminal possession of stolen property in the fifth degree was based on legally insufficient evidence (see People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]). As an alternative holding, we find that the verdict was based on legally sufficient evidence (see People v Danielson, 9 NY3d 342, 349 [2007]).
Nor was the verdict against the weight of the evidence (see Danielson, 9 NY3d at 348-349; see also People v Baque, 43 NY3d 26 [2024]). There is no basis for disturbing the jury's credibility determinations (see People v Bleakley, 69 NY2d 490, 495 [1987]; People v Williams, 17 AD3d 203, 204 [1st Dept 2005], lv denied 4 NY3d 892 [2005]). The fact that the jury acquitted defendant of other charges does not warrant a different conclusion (see People v Rayam, 94 NY2d 557, 561 [2000]). The court properly denied defendant's motion to dismiss the indictment on the ground of delay in sentencing. Notwithstanding our concerns about the court's protracted inquiry into the educational situation of defendant's then-five-year-old son, the delay here was not unreasonable, as it was not excessive and was occasioned by "plausible reasons" that should not trigger a loss of jurisdiction (see People v Drake, 61 NY2d 359, 366 [1984]; People v Summers, 80 AD3d 520 [1st Dept 2011], lv denied 16 NY3d 863 [2011]). The court adjourned sentencing due to defendant's refusal to provide information requested by the court about her son's living situation and education, which was relevant to sentencing due to the potential impact of the sentence on the welfare of the child. Thus, it was defendant's actions, not the court's or the People's, that caused the delay (see generally People v Reyes, 214 AD2d 233, 235 [1st Dept 1995], lv denied 87 NY2d 850 [1995]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2026