■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR RHYMER, Appellant. [769 NYS2d 879]—

Judgment, Supreme Court, New York County (Harold Beeler, J.), rendered August 1, 2001, convicting defendant, upon his plea of guilty, of robbery in the first degree, criminal use of a firearm in the first degree, and criminal possession of a weapon in the second and third degrees, and sentencing him to concurrent terms of five years, unanimously affirmed.

Defendant's state law claim that he was improperly sentenced is unpreserved since he neither requested a hearing regarding his termination from the drug treatment program nor moved to withdraw his plea (*see People v Battle*, 287 AD2d 361 [2001], *lv denied* 97 NY2d 751 [2002]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court correctly concluded that defendant had violated the plea condition (*see People v Amaker*, 299 AD2d 238 [2002], *lv denied* 99 NY2d 625 [2003]) and properly sentenced him pursuant to the plea bargain.

Defendant's federal due process argument was preserved, but it is unavailing. The plea agreement was not ambiguous (*compare Spence v Superintendent, Great Meadow Correctional Facility*, 219 F3d 162 [2000]); hence, there were no ambiguities to be resolved in defendant's favor. The People showed that defendant failed to meet all of the drug treatment program's requirements.

The court, having expressly advised defendant before he took the plea that it was "absolutely" making no promise as to his sentence, did not improvidently exercise its discretion in denying defendant youthful offender treatment, given the violent nature of the crime (*see People v Victor J.*, 283 AD2d 205, 206 [2001], *lv denied* 96 NY2d 942 [2001]; *People v Phillips*, 289 AD2d 1021, 1021-1022 [2001]).

We perceive no basis for reduction of sentence. Concur—Nardelli, J.P., Mazzarelli, Andrias and Williams, JJ.