■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CASEY R.B., Appellant. [825 NYS2d 887]—

Appeal from an adjudication of the Steuben County Court (Peter C. Bradstreet, J.), rendered September 29, 2005. Defendant was adjudicated a youthful offender upon his plea of guilty of criminal possession of stolen property in the fourth degree.

It is hereby ordered that said adjudication be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from an adjudication upon his plea of guilty of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [4]). Defendant failed to preserve for our review his contention with respect to the alleged impropriety of the sentence (see People v Rhymer, 3 AD3d 315, 316 [2004], lv denied 2 NY3d 745 [2004]; People v Holmes, 306 AD2d 889 [2003], lv denied 100 NY2d 621 [2003]) and, in any event, his contention is without merit. The plea agreement provided that defendant would be sentenced to "possible

alternatives to incarceration, possibly community service and drug and alcohol related alternatives, along with five years probation." Thereafter, defendant signed an agreement to enter the Drug and Alcohol Treatment Court. The agreement expressly provided that, if defendant was terminated from the program based upon unsatisfactory performance, he would be sentenced to a term of incarceration of 1¹/₃ to 4 years. Thus, County Court properly sentenced defendant to a term of incarceration of 1¹/₃ to 4 years when defendant failed to complete the program (*see generally People v Valencia*, 3 NY3d 714 [2004]; *People v Milner*, 28 AD3d 873, 874 [2006]; *Rhymer*, 3 AD3d at 316). Present—Scudder, P.J., Martoche, Centra and Green, JJ.