# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1389

KA 12-01729

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT

V                                                          MEMORANDUM AND ORDER

SCOTT E. HODGINS, DEFENDANT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered May 3, 2012. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, a class E felony, criminal possession of a weapon in the fourth degree and obstructing governmental administration in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, felony driving while intoxicated (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i]). Pursuant to the plea agreement, County Court agreed to release defendant under supervision and to adjourn sentencing in order to afford defendant an opportunity to undergo a drug treatment program. If defendant successfully completed the program, the court would permit defendant to withdraw his plea and substitute therefor a plea of guilty to misdemeanor driving while intoxicated. If, however, defendant failed to complete the program successfully or otherwise violated the terms and conditions of his release, the court would sentence defendant to a term of incarceration. After defendant was unsuccessfully discharged from drug treatment, the court sentenced defendant to an indeterminate term of incarceration. Defendant failed to preserve for our review his contention that the court abused its discretion in determining that he had violated the terms of his release inasmuch as he did not request a hearing on that issue, nor did he move to withdraw his plea or to vacate the judgment of conviction (*see People v Malaj*, 69 AD3d 487, 487-488, *lv denied* 15 NY3d 776; *People v Saucier*, 69 AD3d 1125, 1125-1126). Contrary to the further contention of defendant, the court did not "reject" the plea agreement. Rather, the court properly sentenced defendant to a term of incarceration when defendant failed to abide by the conditions of his plea and supervised release and, indeed, acknowledged that he had

been unsuccessfully discharged from a residential drug treatment placement (*see People v Valencia*, 3 NY3d 714, 715; *Malaj*, 69 AD3d at 488; *People v Casey R.B.*, 35 AD3d 1200, 1201, *lv denied* 8 NY3d 920).

Finally, defendant's sentence is not unduly harsh or severe.

Entered:  January 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court