# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**295**
**KA 13-00527**
PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

MAXIE R. SHIPP, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered January 28, 2013. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of grand larceny in the fourth degree (Penal Law § 155.30 [1]). The plea agreement provided that defendant would participate in a judicial diversion program, and that he would be permitted to withdraw his plea and instead plead guilty to a misdemeanor with a promised sentence of no more than three years of probation if he successfully completed a drug treatment program, whereas he would be sentenced to a term of imprisonment if he was unsuccessful in the drug treatment program. The contract for the judicial diversion program provided that defendant was responsible for keeping all of his court dates, and that he could be terminated from the diversion program in the discretion of County Court for any violation of the contract. Defendant was terminated from drug treatment in April 2012 and failed to appear for an ensuing court appearance. He was returned to court on a bench warrant in July 2012, and the court thereafter sentenced him to an indeterminate term of imprisonment.

We reject defendant's contention that the court failed to conduct a sufficient inquiry to determine whether he violated the conditions of his contract for the judicial diversion program before sentencing him (*see generally People v Fiammegta*, 14 NY3d 90, 96-98; *People v Valencia*, 3 NY3d 714, 715-716). Inasmuch as defendant's failure to appear in court after his termination from drug treatment "constituted

a proper basis for the court's finding of noncompliance, it was unnecessary for the court to inquire into defendant's complaints about the suitability of the [treatment] program and the circumstances of his termination" (*People v Matosevic*, 136 AD3d 437, 437; *see Valencia*, 3 NY3d at 715-716; *People v Cruz*, 15 AD3d 240, 240-241, *lv denied* 4 NY3d 852; *see generally People v Ferguson*, 113 AD3d 874, 874-875, *lv denied* 23 NY3d 1061; *People v Hodgins*, 113 AD3d 1134, 1134-1135).  We note that defendant has not alleged that he was unaware of the scheduled court appearance, nor has he otherwise explained his failure to appear.

Entered:  April 29, 2016                        Frances E. Cafarell
                                                Clerk of the Court