THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHAN POWELL, Appellant. [865 NYS2d 319]—

Appeal by the defendant from a judgment of the County Court, Nassau County (DeRiggi, J.), rendered August 18, 2003, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law and the

facts, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for a hearing and determination on the issue of whether the defendant violated a condition of his plea agreement that he be truthful with the Department of Probation, and for resentencing thereafter.

The defendant's contention that the Justice who presided at his plea proceedings and sentencing should have recused himself is without merit. Since no basis for disqualification pursuant to Judiciary Law § 14 was present, it was within the discretion of the Justice to decide whether or not to recuse himself (*see People v Witherspoon,* 48 AD3d 599 [2008]; *People v Rolle,* 37 AD3d 624 [2007]), and based upon the record before us, we conclude that the Justice did not improvidently decline to recuse himself.

However, we modify the judgment of conviction to vacate the sentence imposed because the court failed to conduct a sufficient inquiry pursuant to *People v Hicks* (98 NY2d 185 [2002]), before imposing an enhanced sentence upon the defendant, based on the finding that the defendant violated the condition of his plea agreement that he be truthful with the Department of Probation.

During the plea proceedings, defense counsel stated that the defendant had agreed to plead guilty to manslaughter in the first degree, in that he intended to cause the death of the victim, and did cause his death under circumstances which did not constitute murder because he acted under extreme emotional distress. The defendant allocuted to the crime, admitting that he killed the victim by striking him with a pool cue and stabbing him, and that he intended to cause his death. Immediately after his allocution the court explicitly advised the defendant that if he failed to cooperate with the Department of Probation, or gave untruthful answers to the Department of Probation's questions, the court could impose an enhanced sentence, and the defendant stated that he understood.

The defendant told the Department of Probation that on the night of the crime, he and the victim had a disagreement and the victim threatened the defendant's family. He said that he and the victim scuffled and then the victim came straight for him with a machete he had taken off the wall. He stated that he hit the victim repeatedly with a pool cue which had been on the floor, then grabbed a kitchen knife and stabbed the victim in the back. Then he cut off the victim's head and put it in a freezer, and cut off his limbs and put them into moving boxes. The defendant told the Department of Probation that the charge always should have been manslaughter and that he did not

know how he was indicted for murder. He said that he accepted the plea bargain because he could not get a fair trial before the Justice, who was biased against his attorney.

On the date that the defendant was to be sentenced, the People reiterated that they were requesting the imposition of the agreed-upon sentence of 20 years. The defendant read a lengthy statement into the record, in which he stated that he "never committed a crime, including that night," and that the victim had threatened him and his family. The defendant also repeated his claim that he wanted to go to trial but could not get a fair trial before the Justice. The Justice adjourned the sentencing for two weeks, informing the defendant that he intended to order the minutes of the plea proceeding to consider whether to enhance the defendant's sentence, based upon his statements to the Department of Probation.

On the adjourned date, the Justice reiterated that he was considering enhancing the defendant's sentence, based on "[t]he fact that he pled guilty to [the court] and stated at that time that he intended to kill the individual in violation of the law, and told probation that it was a justified killing." Defense counsel's request for a hearing on the issue was denied. After hearing argument from the defense, the court imposed the enhanced sentence of 25 years' imprisonment, based upon the defendant's untruthful statements to the Department of Probation.

A court may enhance a defendant's sentence for breach of the condition that he truthfully answer all of the questions asked of him by the Department of Probation (*see People v Hicks,* 98 NY2d 185 [2002]). However, in the instant case, the court failed to conduct sufficient inquiry to conclude that the defendant breached the condition of the plea agreement that he answer the Department of Probation's questions truthfully, in accordance with the requirements of due process (*see People v Hicks,* 98 NY2d 185 [2002]; *People v Outley,* 80 NY2d 702 [1993]; *People v Green,* 45 AD3d 780 [2007]; *cf. People v Butler,* 49 AD3d 894 [2008]). We note that the probation report itself does not state that the defendant was untruthful or that the defendant denied culpability for the crime. While the court's interpretation of the defendant's statements to the Department of Probation indicating that he considered his acts on the night of the crime to have been justified was not unreasonable, the defendant ought to have been given an opportunity to present evidence that his statements to the Department of Probation did not contradict his statements to the court during the plea proceedings. Thus, it was error to deny the defense request for a hearing on the is-

sue, and the matter must be remitted to the County Court, Nassau County, for a hearing and determination regarding the defendant's truthfulness with the Department of Probation, and for resentencing thereafter.

The defendant's valid waiver of his right to appeal precludes review of the contentions raised in point V of his main brief and points III, VI, and VII of his supplemental pro se brief. The remaining contentions, raised in the defendant's main brief and in his supplemental pro se brief, are without merit. Mastro, J.P., Lifson, Carni and Eng, JJ., concur.