■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID G. CLARK, Appellant. [876 NYS2d 564]—

Peters, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered January 23, 2008, which resentenced defendant following his conviction upon his plea of guilty of the crimes of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, criminal possession of stolen property in the fourth degree (two counts) and resisting arrest (two counts).

Defendant pleaded guilty to criminal possession of a weapon in the second and third degrees, criminal possession of stolen property in the fourth degree (two counts) and resisting arrest (two counts). Pursuant to a plea bargain, the People and defendant agreed to jointly recommend an aggregate prison term of eight years, although County Court would not be bound by such recommendation. During the plea allocution, defendant stated that he pulled out a loaded firearm and pointed it in the air in a menacing fashion in an attempt to scare the pursuing officers. At sentencing, defendant disputed a statement contained in the presentence investigation report to the effect that he pointed the weapon at the officers while they were pursuing him, stating that he only "raised the handgun in a manner to use [it] unlawfully against another." Despite defendant's challenge to this factual statement in the presentence report, County Court relied upon it and sentenced defendant to an aggregate prison term of 12 years. Defendant appealed, and we vacated the sentence and remitted the matter for resentencing due to the fact that County Court grounded its sentence upon conduct by defendant which remained in dispute (39 AD3d 1091, 1092 [2007]).

Upon remittal, County Court ordered a hearing for the purpose of resolving this factual issue. Thereat, the court received sworn testimony from two police officers who averred that defendant had pointed a firearm in their direction as they pursued him. Defendant testified that he did not point the gun at the officers, but instead raised it in the air so as to menace and intimidate them. At the conclusion of the hearing, County Court found that defendant had in fact pointed his gun at the officers while attempting to flee. Stating that it was taking into account its findings from the hearing, along with other factors,

the court resentenced defendant to an aggregate prison term of 12 years with five years of postrelease supervision. Defendant appeals.

Defendant asserts that County Court lacked the authority to hold a hearing on the factual issue in dispute. We disagree, and reject the contention that County Court was bound to the facts as articulated by defendant during the plea colloquy. A court may impose sentence "only after careful consideration of *all* facts available at the time of sentencing" (*People v Farrar*, 52 NY2d 302, 305 [1981] [emphasis added]). In order to enable the sentencing court to perform its function, a presentence investigation report is mandated where an individual is convicted of a felony (*see* CPL 390.20 [1]). Such report must be considered by the court prior to making a sentence determination (*see People v Selikoff*, 35 NY2d 227, 238 [1974]) and may include, among other things, information "with respect to the circumstances attending the commission of the offense" (CPL 390.30 [1]). Thus, the statement in the presentence report that "defendant pointed . . . the handgun at police officers that were attempting to take him into custody," which was not necessarily inconsistent with defendant's statement during the plea allocution, was a factor that County Court could take into account in sentencing defendant (*see e.g. People v Selikoff*, 35 NY2d at 235, 239).

However, since defendant disputed the accuracy of the officers' allegations both in the presentence report and at the time of his initial sentencing, County Court could not simply rely upon the officers' account of the events without further inquiry. Due process requires that the sentencing court "assure itself that the information upon which it bases the sentence is reliable and accurate" (*People v Outley*, 80 NY2d 702, 712 [1993]; *see People v Naranjo*, 89 NY2d 1047, 1048 [1997]; *People v McGirt*, 198 AD2d 101, 103 [1993]), and that defendant be afforded the opportunity to refute those facts upon which the court may base its decision (*see People v Hansen*, 99 NY2d 339, 345 [2003]; *People v Perry*, 36 NY2d 114, 119-120 [1975]). Thus, where, as here, an issue is raised concerning the accuracy of the information that the court may rely upon in imposing sentence, the defendant must be afforded an opportunity to refute any such information through a hearing pursuant to CPL 400.10 or some other fair procedure within the court's discretion (*see People v Outley*, 80 NY2d at 713; *People v Perry*, 36 NY2d at 119-120; *People v Banks*, 161 AD2d 957, 958 [1990]; *see also* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 400.10 [2005 ed]).

Here, County Court acted within its discretion by conducting a hearing in order to resolve a disputed factual issue (*see e.g. People v Outley*, 80 NY2d at 714; *People v Rollins*, 50 AD3d 1535, 1536 [2008], *lv denied* 10 NY3d 939 [2008]). Further, the procedure employed here fully comported with due process. The hearing spanned over a number of days and the officers involved in the incident provided extensive, descriptive testimony as to the manner in which defendant displayed the firearm. Moreover, defendant fully participated at the hearing, providing sworn testimony on two different occasions. Additionally, defendant's requests for new counsel were granted during the proceedings and he was permitted to reopen the hearing in order to introduce further evidence. Notably, he was offered an opportunity to withdraw his plea both immediately before and during the course of the hearing.

Similarly unpersuasive is defendant's argument that the People's participation in the hearing amounted to a breach of its promise to recommend an eight-year prison sentence. While it is well settled that a promise made during a plea negotiation with respect to a sentencing recommendation must be honored (*see People v Tindle*, 61 NY2d 752, 754 [1984]; *People v Hoeltzel*, 290 AD2d 587, 588 [2002]), the People did not overtly urge a sentence more excessive than the eight years it promised to recommend. Nor do we agree with defendant's assertion that the People's participation in the court-ordered hearing constituted an "implicit conveyance of the People's position as to [a harsher] punishment" (*People v Tindle*, 61 NY2d at 754; *see People v Jasiewicz*, 192 AD2d 999, 999-1000 [1993]; *People v Muller*, 174 AD2d 838, 838-839 [1991]). County Court, not the People, determined that a hearing was necessary to resolve the disputed factual issue contained in the presentence report and affirmatively directed the People to present witnesses at the hearing. Certainly, the People cannot be faulted for abiding by the court's instructions in this regard, and their participation in the hearing does not constitute an implicit breach of the terms of the plea agreement.

We also reject defendant's assertion that the sentence imposed by County Court after remittal was motivated by vindictiveness. Although a presumption of judicial vindictiveness arises where, after a successful appeal, a defendant is given a greater sentence than that which was imposed upon his or her initial conviction (*see People v Young*, 94 NY2d 171, 176 [1999]; *People v Hilliard*, 49 AD3d 910, 914 [2008], *lv denied* 10 NY3d 959 [2008]), no such presumption arises here because a greater sentence was not imposed upon resentencing. A finding of vindictiveness may

also be warranted where an original sentence is based on a factor which is later removed, and the sentence imposed after a successful appeal is the same as the initial sentence (*see People v Gonzalez*, 262 AD2d 37, 39 [1999]). Here, however, the allegation that defendant pointed a gun at the pursuing officers, a factor taken into account by County Court in imposing its original sentence, was confirmed after the hearing on the matter.

Finally, there is no merit to defendant's contention that the hearing subjected him to double jeopardy and the record fails to support his claims of judicial bias and impropriety.

Cardona, P.J., Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.