■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JENNIFER A. HASTINGS, Appellant. [901 NYS2d 880]—

Stein, J. Appeal from a judgment of the Supreme Court (McGrath, J.), rendered February 5, 2009 in Rensselaer County, convicting defendant upon her plea of guilty of the crimes of rape in the second degree (four counts), criminal sexual act in the second degree, sexual abuse in the third degree and endangering the welfare of a child.

Defendant, a psychologist, pleaded guilty to a seven-count indictment arising from her sexual relationship with an underage patient. Supreme Court made no sentencing commitment and thereafter sentenced defendant to an aggregate prison term of three years and postrelease supervision of five years. Defendant appeals and we affirm.

While a court relies upon a range of information in making

its sentencing determination, some of which may not be available until sentencing nears, the court may nevertheless indicate, prior to sentencing, its opinion about the propriety of a sentence given the evidence then available to it (*see People v Farrar*, 52 NY2d 302, 306 [1981]; *People v Selikoff*, 35 NY2d 227, 238 [1974], *cert denied* 419 US 1122 [1975]). Here, Supreme Court advised defendant during the plea colloquy that it felt a sentence of imprisonment to be appropriate and, arguably, did so in a way that could have led the listener to assume that it prematurely fixed upon a state prison sentence at the plea phase rather than after careful consideration of all facts available at the time of sentencing (*see People v Clark*, 61 AD3d 1179, 1181 [2009], *lv denied* 12 NY3d 924 [2009]). Notably, however, the record reveals that, in fact, the court thereafter appropriately considered all relevant information and factors, including any mitigating circumstances, before passing sentence. Further, after our own review of such matters of relevance, including, but not limited to, the serious nature of defendant's conduct involving the abuse of the particular position of trust in which she was placed, we do not find the sentence imposed to be harsh and excessive (*see People v McDade*, 64 AD3d 884, 888 [2009], *affd* 14 NY3d 760 [2010]; *People v Harden*, 6 AD3d 987, 987-988 [2004]) and, therefore, decline to disturb it (*see generally People v Delgado*, 80 NY2d 780, 783 [1992]).

Cardona, P.J., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.