THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MONTHER ZOBE, Also Known as GUNTHER EZUPE, Appellant. [918 NYS2d 570]—

The defendant pleaded guilty to insurance fraud in the third degree (Penal Law § 176.20) in exchange for an agreed-upon sentence. During the plea colloquy, the defendant stated that he understood that one of the conditions of the plea agreement was that he was required to answer questions posed by the Westchester County Department of Probation (hereinafter the probation department) truthfully and in a manner consistent with the statements he made to the County Court during the plea colloquy. The defendant also indicated that he understood that if he violated this condition, the County Court would not allow him to withdraw his plea, but would impose an enhanced sentence, up to the maximum allowed.

The County Court enhanced the defendant's sentence on the ground that the defendant violated the plea agreement by failing to be truthful with the probation department. However, we modify the judgment of conviction to vacate the sentence imposed because the County Court failed to conduct a sufficient inquiry pursuant to *People v Outley* (80 NY2d 702 [1993]), before imposing the enhanced sentence upon the defendant.

According to the presentence report, the defendant told a probation officer that his car was stolen, and that he reported the theft to his insurance company. As recounted by the defendant to the probation officer, when the car was recovered, he took it to a repair shop, and an agent for the defendant's insurer called the police. According to the defendant's explanation, a uniformed officer responded to the repair shop, and asked the defendant for his driver's license, registration, and insurance card, which the defendant provided. The defendant later stated to his probation officer that the car belonged to him, and that he had a valid driver's license, registration, and insurance card.

The defendant also told the probation officer that, while at the repair shop, and after the uniformed officer arrived there, he recognized a detective who had arrested him in the past. According to the presentence report, the defendant explained to the probation department that the detective instructed the uniformed officer to arrest the defendant, after which the detective handcuffed the defendant to a chair, and that the defendant was thereafter beaten by police officers. The defendant told his probation officer that this incident was "all a false arrest," and that he should not be in jail. The defendant also stated that he was suing the Yonkers Police Department and, according to the presentence report, the defendant provided his probation officer with a copy of the complaint in that action, as well as a copy of his medical record from St. Joseph's Medical Center.

When the defendant was given an opportunity to explain the statements in the presentence report at the sentencing hearing, the defendant stated that, although he was guilty of the underlying crime of insurance fraud in the third degree, and never denied his guilt to the probation department, his probation officer misunderstood what he had told her in connection with the use of force by the Yonkers Police Department. Further, in response to questioning by the County Court, the defendant stated, "I am honest with you, Your Honor . . . What I said on paper, it's the truth Your Honor. It is not, I never report the car stolen. I never report it. I report it to the insurance, but never report it to the police station. There is no alarm on the car. That's the truth." The County Court then sentenced the defendant to the enhanced sentence.

A court may enhance a defendant's sentence for breach of the condition that he truthfully answer all of the questions asked of him by the probation department (*see People v Hicks*, 98 NY2d 185 [2002]). Here, however, the County Court failed to conduct sufficient inquiry, in accordance with the requirements of due process, to conclude that the defendant breached the condition of the plea agreement that he answer the probation department's questions truthfully (*see People v Outley*, 80 NY2d 702 [1993]; *People v Powell*, 55 AD3d 632 [2008]; *People v Green*, 45 AD3d 780 [2007]). Under the circumstances of this case, the defendant should have been given an opportunity to present evidence that his statements to the probation department did not contradict his statements to the County Court during the plea proceedings (*see People v Powell*, 55 AD3d at 634). Thus, the matter must be remitted to the County Court, Westchester County, for a more thorough inquiry pursuant to *People v Outley* (80 NY2d at 713) and a determination on the issue of whether

the defendant violated the condition of his plea agreement that he be truthful with the probation department, and for resentencing thereafter.

The defendant's remaining contentions are without merit. Mastro, J.P., Florio, Leventhal and Hall, JJ., concur.