THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEOVANI GUZMAN-HERNANDEZ, Appellant. [23 NYS3d 582]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Cohen, J.), rendered August 6, 2013, convicting him of gang assault in the first degree, upon his plea of guilty, and sentencing him to a determinate term of imprisonment of 10 years plus a period of five years of postrelease supervision.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed to a determinate term of imprisonment of seven years plus a period of five years of postrelease supervision; as so modified, the judgment is affirmed.

An enhanced sentence may be imposed on a defendant who, in violation of an express condition of a plea agreement, has failed to truthfully answer questions during a probation department interview (*see People v Hicks*, 98 NY2d 185, 187 [2002]). Due process, however, requires that, before imposing an enhanced sentence, the court conduct an inquiry sufficient for it to determine that the defendant indeed violated the plea condition (*see People v Valencia*, 3 NY3d 714, 715 [2004]; *People v Outley*, 80 NY2d 702, 712 [1993]; *People v Saaverda*, 132 AD3d 701, 701-702 [2015]). Here, the defendant admitted under oath at the plea proceeding that he had participated in the crime. Moreover, the record of the plea proceeding establishes that the defendant acknowledged, understood, and accepted the condition that he truthfully answer questions at his interview with the probation department (*see People v Mazyck*, 117 AD3d 1084, 1085 [2014]). At his interview, however, the defendant equivocated and denied being present during part of the incident. At sentencing, the County Court conducted an

inquiry sufficient for it to determine that the defendant had understood the questions he was asked at the probation department interview and had violated the plea agreement by answering untruthfully. Accordingly, the court did not err by imposing an enhanced sentence (*see People v Bragg*, 96 AD3d 1071, 1071-1072 [2012]; *People v Butler*, 49 AD3d 894, 895 [2008]; *cf. People v Perez*, 95 AD3d 780, 780 [2012]; *People v Zobe*, 82 AD3d 1017, 1018-1019 [2011]).

We conclude, however, under the circumstances of this case, that the enhanced sentence was excessive to the extent indicated herein (*see People v Suitte*, 90 AD2d 80 [1982]). Balkin, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.