Appeal by the defendant from a judgment of the County Court, Dutchess County (Brown, J.), rendered May 5, 2016, convicting him of aggravated criminal contempt, upon his plea of guilty, and imposing sentence.
 

 Ordered that the judgment is affirmed.
 

 An enhanced sentence may be imposed on a defendant who, in violation of an express condition of a plea agreement, has failed to truthfully answer questions during a probation department interview (see People v Hicks, 98 NY2d 185, 187 [2002]; People v Guzman-Hernandez, 135 AD3d 957 [2016]). Due process, however, requires that, before imposing an enhanced sentence, the court conduct an inquiry sufficient for it to determine that the defendant indeed violated the plea condition (see People v Valencia, 3 NY3d 714, 715 [2004]; People v Outley, 80 NY2d 702, 712 [1993]; People v Guzman-Hernandez, 135 AD3d at 957).
 

 Here, the record at the plea proceeding established that the defendant acknowledged, understood, and accepted the condition that he truthfully answer questions at his interview with the probation department (see People v Guzman-Hernandez, 135 AD3d at 957; People v Frazier, 127 AD3d 1229, 1230 [2015]; People v Mazyck, 117 AD3d 1084, 1085 [2014]). Further, the County Court conducted an inquiry sufficient for it to determine that the defendant violated the plea condition during the probation department interview by answering untruthfully. Accordingly, the court properly imposed an enhanced sentence (see People v Guzman-Hernandez, 135 AD3d at 957-958; People v Frazier, 127 AD3d at 1230; People v Butler, 49 AD3d 894, 895 [2008]).
 

 Mastro, J.P., Rivera, Sgroi and Maltese, JJ., concur.