People v Zapata (2018 NY Slip Op 01205)





People v Zapata


2018 NY Slip Op 01205


Decided on February 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-09632
 (Ind. No. 1485-15)

[*1]The People of the State of New York, respondent,
v
Daniel Zapata, appellant.


Del Atwell, East Hampton, NY, for appellant.
Timothy Sini, District Attorney, Riverhead, NY (Caren C. Manzello of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered July 27, 2016, convicting him of strangulation in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's valid waiver of his right to appeal bars his challenge to the County Court's suppression rulings (see People v Kemp, 94 NY2d 831, 833; People v Kane, 151 AD3d 751). The appeal waiver does not foreclose review of the denial of the defendant's motion to vacate his plea of guilty to the extent that the motion challenged the voluntariness of the plea (see People v McErlean, 149 AD3d 872, 873). However, the defendant's unsubstantiated and conclusory allegations are belied by the record and insufficient to warrant vacatur of the defendant's plea of guilty (see People v Ward, 140 AD3d 903, 904; People v Bush, 132 AD3d 691, 692).
The defendant's waiver of his right to appeal does not bar consideration of whether he violated the conditions of his plea agreement, justifying an enhanced sentence (cf. People v Perez, 140 AD3d 799, 800). The defendant did not submit to an interview by the Probation Department and, therefore, violated a condition of the plea agreement, justifying imposition of an enhanced sentence (see People v Hicks, 98 NY2d 185, 188; People v Foster, 153 AD3d 1429; People v Guzman-Hernandez, 135 AD3d 957).
The County Court granted the defendant's request to withdraw his waiver of the right to appeal with respect to the excessiveness of the enhanced sentence. However, the enhanced sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., COHEN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court