People v Shealy (2021 NY Slip Op 04154)





People v Shealy


2021 NY Slip Op 04154


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-03636
 (Ind. No. 17-00694)

[*1]The People of the State of New York, respondent,
v
Rakhim Shealy, also known as "Flee," appellant.


Loren I. Glassman, White Plains, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio and Shea Scanlon Lomma of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (David S. Zuckerman, J.), rendered March 6, 2019, convicting him of conspiracy in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
On January 30, 2019, the defendant entered a plea of guilty to conspiracy in the second degree before the County Court in exchange for a promised sentence. The defendant acknowledged that one of the conditions of the plea agreement was that he had "to answer all of the probation officer's questions truthfully and again admit [his] guilt to this very same crime that [he was] pleading guilty to." The defendant also acknowledged that violating this condition would expose him to an enhanced sentence of a term of imprisonment.
At the time of the plea proceeding, the defendant admitted that he, "along with his codefendants . . . were members of a Yonkers street gang known by the name of Blood Stone Army." He also admitted that from March 1, 2006, through April 1, 2018, he and his codefendants agreed with each other, and with others, to engage and cause conduct constituting the crime of murder in the second degree to be performed. The County Court accepted the defendant's plea.
On March 6, 2019, the defendant appeared before the same judge for sentencing. The County Court noted that the presentence investigation report (hereinafter the PSI) prepared by the Westchester County Department of Probation indicated that the defendant denied any involvement in the offense to which he pleaded guilty, that he did not know how his name became involved, and "denied any gang membership or affiliation with the BSA or Bloods Gang." In response, the defendant did not contend that he had not made the statements attributed to him in the PSI. Indeed, defense counsel conceded that the defendant's statements to the probation officer directly contradicted the statements he made when he pleaded guilty, but requested that the court still impose the negotiated sentence. The court thereafter imposed an enhanced indeterminate term of imprisonment. The defendant appeals.
The defendant's contention that the County Court should have held an evidentiary [*2]hearing prior to imposing the enhanced sentence is unpreserved for appellate review, since the defendant neither requested such a hearing nor moved to withdraw his plea on this ground (see People v Aliano, 116 AD3d 874, 875). In any event, "[a]n enhanced sentence may be imposed on a defendant who, in violation of an express condition of a plea agreement, has failed to truthfully answer questions during a probation department interview" (People v Guzman-Hernandez, 135 AD3d 957, 957; see People v Hicks, 98 NY2d 185, 189). Under the circumstances of this case, the court's inquiry was sufficient to determine that the defendant had violated a condition of his plea agreement (see People v Foster, 153 AD3d 1429, 1429).
Accordingly, the County Court providently exercised its discretion in imposing the enhanced sentence (see People v Takie, 172 AD3d 1249, 1250).
CHAMBERS, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court