People v Goode-Ford (2022 NY Slip Op 03400)





People v Goode-Ford


2022 NY Slip Op 03400


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2020-02324

[*1]The People of the State of New York, respondent,
v
Kaliek Goode-Ford, appellant. (S.C.I. No. 16-00585)


Samuel S. Coe, White Plains, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Andrew R. Kass of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Robert H. Freehill, J.), rendered January 28, 2020, convicting him of attempted criminal possession of a weapon in the second degree, criminal possession of a weapon in the fourth degree, and criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The County Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty. Reviewing the record as a whole, we conclude that the defendant's plea of guilty was knowingly, voluntarily, and intelligently made (see People v Jamison, 197 AD3d 569, 570; People v Meyn, 193 AD3d 1080, 1081). Further, there is no support in the record for the defendant's contention that he lacked the capacity to understand the proceedings against him (see People v Arce, 196 AD3d 696, 697).
The defendant's contention that the County Court should have held a hearing prior to imposing an enhanced sentence is unpreserved for appellate review, since the defendant neither requested such a hearing nor moved to withdraw his plea on this ground (see People v Shealy, 195 AD3d 1047, 1048). In any event, the court providently exercised its discretion in imposing the enhanced sentence without a hearing, since the defendant did not deny that he was convicted, upon his plea of guilty, of a postplea crime in violation of the conditions of his plea agreement (see People v Knee, 174 AD3d 646; People v Cousar, 128 AD3d 716, 716-717).
BARROS, J.P., IANNACCI, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court