People v Durkin (2023 NY Slip Op 01199)

People v Durkin

2023 NY Slip Op 01199

Decided on March 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2021-08275

[*1]The People of the State of New York, respondent,
v
Brian Durkin, appellant. 

Alex Smith, Middletown, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Hyun Chin Kim, J.), rendered October 28, 2021, convicting him of attempted criminal sexual act in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
On June 7, 2021, the defendant entered a plea of guilty to attempted criminal sexual act in the first degree, a class C felony, in exchange for a promised sentence. As a condition of the County Court's promised sentence, the defendant was required to answer the questions posed by the probation department in a truthful manner consistent with what he told the court during the plea proceeding. Thereafter, based on statements made by the defendant during his interview with the probation department, the court imposed an enhanced sentence.
The defendant's contention that the County Court should have held a hearing prior to imposing an enhanced sentence is unpreserved for appellate review, since the defendant neither requested such a hearing nor moved to withdraw his plea on this ground (see People v Goode-Ford, 205 AD3d 1051; People v Shealy, 195 AD3d 1047, 1048). In any event, "[a]n enhanced sentence may be imposed on a defendant who, in violation of an express condition of a plea agreement, has failed to truthfully answer questions during a probation department interview" (People v Guzman-Hernandez, 135 AD3d 957, 957; see People v Hicks, 98 NY2d 185, 189). Under the circumstances of this case, the court's inquiry was sufficient to determine that the defendant had violated a condition of his plea agreement (see People v Shealy, 195 AD3d at 1048; People v Foster, 153 AD3d 1429, 1429).
Accordingly, the County Court providently exercised its discretion in imposing the enhanced sentence (see People v Shealy, 195 AD3d at 1049; People v Takie, 172 AD3d 1249, 1250).
BARROS, J.P., CHAMBERS, ZAYAS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court