People v Holland (2023 NY Slip Op 03706)

People v Holland

2023 NY Slip Op 03706

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2021-09568
 (Ind. No. 10064/20)

[*1]The People of the State of New York, respondent,
v
Curtis T. Holland, appellant.

Law Office of Kelley M. Enderley, P.C., Poughkeepsie, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Amie M. Johnson of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Jessica Segal, J.), rendered December 14, 2021, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
On appeal, the defendant contends that the County Court did not have a sufficient basis on which to impose an enhanced sentence. Contrary to the People's contention, this claim is not precluded by his waiver of the right to appeal (see People v Carson, 213 AD3d 690, 691; People v Smith, 160 AD3d 664, 665; People v Gregory, 140 AD3d 1088, 1089). The defendant's contention, however, that the court should have held a hearing prior to imposing an enhanced sentence is unpreserved for appellate review, since the defendant neither requested such a hearing nor moved to withdraw his plea on this ground (see People v Durkin, 214 AD3d 741, 741; People v Goode-Ford, 205 AD3d 1051; People v Shealy, 195 AD3d 1047). In any event, under the circumstances of this case, the court's inquiry was sufficient to determine that the defendant had violated conditions of his plea agreement (see People v Durkin, 214 AD3d at 741; People v Shealy, 195 AD3d at 1048; People v Foster, 153 AD3d 1429, 1429), and the court's findings that the defendant violated the conditions imposed at the plea proceeding were "supported by sufficient reliable and accurate information" (People v Sterngast, 211 AD3d 1043; see People v Valencia, 3 NY3d 714, 715; People v Outley, 80 NY2d 702, 712).
Accordingly, the County Court providently exercised its discretion in imposing the enhanced sentence (see People v Durkin, 214 AD3d at 741; People v Shealy, 195 AD3d at 1049; People v Takie, 172 AD3d 1249, 1250).
LASALLE, P.J., CONNOLLY, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court