People v Dibble (2023 NY Slip Op 06411)

People v Dibble

2023 NY Slip Op 06411

Decided on December 14, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 14, 2023

113135
[*1]The People of the State of New York, Respondent,
v
Monique Dibble, Appellant.

Calendar Date:October 19, 2023

Before:Lynch, J.P., Aarons, Pritzker, McShan and Mackey, JJ.

G. Scott Walling, Slingerlands, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

McShan, J.
Appeal from a judgment of the County Court of Ulster County (Bryan E. Rounds, J.), rendered November 5, 2020, convicting defendant upon her plea of guilty of the crimes of criminal sale of a controlled substance in the third degree and criminally negligent homicide.
Defendant waived indictment, agreed to be prosecuted by a superior court information and pleaded guilty, as charged therein, to criminal sale of a controlled substance in the third degree and criminally negligent homicide. Pursuant to the plea agreement, defendant waived her right to appeal and was promised a sentence of five years in prison and two years of postrelease supervision on the charge of criminal sale of a controlled substance in the third degree, and a lesser concurrent sentence on the remaining charge. She was expressly informed, however, that County Court would not be bound by its sentencing commitment should she fail to "truthfully" answer the questions of the Ulster County Probation Department in the preparation of her presentence report (hereinafter PSR), among other conditions.
At sentencing, County Court found that defendant's statement to the probation officer constituted a denial of culpability as to the charge of criminally negligent homicide and conflicted with her sworn plea allocution. The court thus determined that defendant violated the terms of the plea agreement by failing to respond to the probation officer's questions truthfully as required and, accordingly, imposed an enhanced sentence of nine years in prison and two years of postrelease supervision upon her conviction of criminal sale of a controlled substance in the third degree, and a lesser concurrent sentence upon her conviction of criminally negligent homicide. County Court denied defendant's request for a hearing to address the violation. Defendant appeals.
"It is well established that the violation of an explicit and objective plea condition that was accepted by the defendant can result in the imposition of an enhanced sentence" (People v Becker, 80 AD3d 795, 796 [3d Dept 2011] [citations omitted]; see People v Hicks, 98 NY2d 185, 189 [2002]; People v Blanford, 179 AD3d 1388, 1393 [3d Dept 2020], lv denied 35 NY3d 968 [2020]; People v Bouck, 153 AD3d 1522, 1523 [3d Dept 2017], lv denied 30 NY3d 1017 [2017]). A full evidentiary hearing to determine whether a violation has occurred is not required where "the defendant is afforded an opportunity to respond and the court conducts an inquiry of sufficient depth to assure itself that the information upon which it bases the sentence is reliable and accurate" (People v Kocher, 116 AD3d 1301, 1302 [3d Dept 2014] [internal quotation marks, brackets and citations omitted]; see People v Outley, 80 NY2d 702, 713 [1993]; People v Clark, 61 AD3d 1179, 1181 [3d Dept 2009], lv denied 12 NY3d 924 [2009]).
The record here reflects that, in pleading guilty to the crime of criminally negligent homicide, defendant admitted that she "caused the death" of the victim[*2]. In answering the probation officer's questions, however, defendant's PSR reflects that she did not believe that the heroin that she had supplied to the victim was the cause of her death and suggested that she and the victim had used the heroin together. Although such information may be relied upon in imposing an enhanced sentence (see e.g. People v Hicks, 98 NY2d at 187-189), we find that the procedure employed by County Court in determining that enhancement was warranted violated defendant's due process rights.
At sentencing, the People represented that they did not view defendant's statements in the PSR to constitute a violation of her plea conditions and, consequently, that they were not seeking a sentencing enhancement. The People then confirmed that they were asking County Court to sentence defendant in accordance with the plea agreement. Based on that representation, defense counsel did not address any potential violation of the terms of defendant's plea agreement, and instead focused his sentencing arguments on emphasizing defendant's remorse for her conduct. After the parties had an opportunity to state their arguments, the court engaged in a lengthy colloquy before, as relevant here, stating that it disagreed with the People's conclusion that there was no violation of the plea agreement and determining that it would enhance defendant's sentence to the maximum allowable term of imprisonment. It was at this point that defendant first had any indication that she was facing a potential sentencing enhancement and, in response, defense counsel immediately requested a hearing, which County Court summarily denied.[FN1] In effect, that determination precluded defendant and her counsel an opportunity to refute the accuracy of the officer's statements in the PSR that were relied upon by the court in finding that she had violated a condition of her plea by failing to answer the probation officer's questions truthfully (see People v Clark, 61 AD3d at 1181). Moreover, County Court made no further inquiry as to whether defendant understood the questions asked during her Probation Department interview and whether she had answered them untruthfully or contrary to her statements at her plea proceedings (see People v Zobe, 82 AD3d 1017, 1019 [2d Dept 2011]; People v Talbi, 45 Misc 3d 18, 21 [App Term, 2d Dept, 2nd, 11th & 13th Jud Dists 2014]; compare People v Guzman-Hernandez, 135 AD3d 957, 957-958 [2d Dept 2016]; People v Kocher, 116 AD3d at 1302).[FN2]
While a hearing is not necessarily required in all instances, the circumstances before us warranted some form of inquiry before County Court could impose an enhanced sentence (see People v Hill, 77 AD3d 518, 518 [1st Dept 2010]; compare People v Albergotti, 17 NY3d 748, 750 [2011]; People v Sims, 207 AD3d 882, 885 [3d Dept 2022], lv granted 39 NY3d 1080 [2023]; People v Waite, 119 AD3d 1086, 1087-1088 [3d Dept 2014]; People v Kocher, 116 AD3d at 1302). Under these discreet circumstances, we find that defendant's [*3]sentence must be vacated, and the matter remitted to County Court for a more thorough inquiry pursuant to People v Outley (80 NY2d at 713; see People v Albergotti, 17 NY3d at 750; People v Zobe, 82 AD3d at 1019-1020; see also People v Clark, 61 AD3d at 1181-1182).
Defendant's remaining contentions, to the extent not expressly addressed herein, have either been rendered academic by our decision or have been considered and found to be without merit.
Aarons, Pritzker and Mackey, JJ., concur.
Lynch, J.P. (dissenting).
I respectfully dissent. The Court of Appeals has confirmed that a court may condition a plea on requiring a defendant to truthfully answer questions posed by the Probation Department in preparing a presentence report (hereinafter PSR) (see People v Hicks, 98 NY2d 185, 188-189 [2002]). A failure to do so may authorize the court to impose an enhanced sentence (see id.). During the plea colloquy, County Court expressly advised defendant that the plea was "conditioned on [her] giving answers to the Probation Department that [were] consistent with [her] plea of guilty here today." Thereafter, defendant admitted that she sold heroin and, with respect to the charge of criminally negligent homicide, that she "caused the death of [the victim]." The court advised defendant that it was ordering the Probation Department to prepare a PSR and ordered her to cooperate with the preparation of same. The court specifically reiterated that she "ha[d] to answer their questions. And when [she] d[id], [she] ha[d] to answer their questions truthfully and respectfully." After defendant confirmed that she understood, the court cautioned that it was not bound by the sentencing agreement if she failed to cooperate. Once again, defendant confirmed her understanding.
The PSR recounted, in the section captioned "Defendant's/Respondent's Statement," that two weeks later, in a telephone interview with the probation officer, defendant explained that she gave the heroin to the victim, which they both used. She advised that the victim left with extra heroin. Defendant learned the next day that the victim had overdosed but did "not believe that the drugs she procured for/provided to [the victim] caused her death." Rather, defendant believed that, after leaving her, the victim "got more drugs from someone else and that it was those drugs that she overdosed on." The PSR continued that defendant "denie[d] having sold the drugs to [the victim] that caused her death." The PSR noted that defendant "demonstrated no remorse for her actions."
At sentencing, County Court started by emphasizing that it had thoroughly reviewed the PSR, and confirmed that counsel for the parties had received the report. Explaining that it was not asking for "sentencing arguments" at that point, the court inquired whether the parties wished to make any corrections to the PSR. Specifically, the court asked defendant's counsel if he had "any application to the court by way of corrections, additions, [*4]deletions with regard to the information contained in the document itself." Counsel responded, "[n]ot contained in the document itself, no." After presenting impact statements from family members of the victim, the People directly addressed the discrepancy between defendant's plea and the statements attributed to her in the PSR. Recognizing that the court clearly conditioned the sentencing commitment on defendant "being honest and truthful with the probation department," the prosecutor explained nonetheless that he did "not mean to suggest this [was] a Hicks violation in this particular situation."
When defendant's counsel was given the opportunity to speak, he began by stating, "[a]s the People are not seeking any sort of plea or sentence violation in this particular matter, I will keep my comments short." In doing so, he made no mention of the discrepancy in defendant's statements. For her part, defendant declined to make any statement, referring instead to her letter delivered to County Court — which did not dispute the accuracy of the PSR.
County Court expressed its disagreement with the People's position, and determined that defendant's statements in the PSR directly contradicted her admission that she had caused the victim's death, violating the truth component of the plea agreement. The court observed that defendant's "failure to accept responsibility for the victim's death d[id] not bode well, which [wa]s an understatement, for her rehabilitation." As recognized in Hicks, "the acceptance of responsibility . . . is a step toward rehabilitation" (People v Hicks, 98 NY2d at 189). Only after the court imposed the enhanced sentence did defendant's counsel ask "the court to stay the imposition of the sentence pending a formal hearing, specifically People v Hicks." The court denied the request.
Given the sequence described above, I do not agree that the procedure employed by County Court violated defendant's due process rights. To the contrary, defendant received a copy of the PSR in advance of the sentencing and was accorded two opportunities to correct and/or challenge any claimed inaccuracies in the PSR pertaining to her statement — but declined to do so. The requirement to tell the truth is an objective one and when, as here, defendant had the opportunity to refute the accuracy of the PSR, a hearing was not required (see People v Albergotti, 17 NY3d 748, 750 [2011]; People v Hicks, 98 NY2d at 189). Given defendant's silence on the issue, this is not a situation where a dispute was raised as to whether a defendant complied with a plea condition necessitating a further inquiry by the court (compare People v Sims, 207 AD3d 882, 883 [3d Dept 2022], lv granted 39 NY3d 1080 [2023]; People v Guzman-Hernandez, 135 AD3d 957, 957-958 [2d Dept 2016]; People v Waite, 119 AD3d 1086, 1086-1087 [3d Dept 2014]; People v Kocher, 116 AD3d 1301, 1302 [3d Dept 2014]; People v Zobe, 82 AD3d 1017, 1018-1019 [2d Dept 2011]; People v Hill, 77 AD3d 518, 518 [1st Dept [*5]2010]; People v Clark, 61 AD3d 1179, 1180-1181 [3d Dept 2009], lv denied 12 NY3d 924 [2009]). That the People declined to assert a Hicks violation did not diminish defendant's opportunity to challenge any mistakes in the PSR. Indeed, doing so may have prompted a need for a further inquiry and reflected positively on her claim of remorse. Under the circumstances presented, it is my view that County Court acted within its discretion and, as such, the judgment should be affirmed.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: Earlier in the sentencing hearing, defense counsel was asked by County Court if he had any concerns with the substance of the PSR. However, the court prefaced that question with an advisement that it was not considering sentencing arguments at that moment.

Footnote 2: During defendant's plea colloquy, County Court asked her if she was guilty of the criminal conduct identified in the superior court information without inquiring as to the underlying facts of her criminal conduct. We note that the information itself merely recites the relevant statutory language and, in the case of count 2 charging criminally negligent homicide, simply identified the victim. Further, while the prior felony complaints recited the facts underlying defendant's charges, the record reflects the absence of any fact-finding proceedings before the plea that would have established any facts upon which the "the standard of truth . . . for contradicting those facts may be measured" (People v Talbi, 45 Misc 3d at 21).