People v Mancilla (2025 NY Slip Op 01391)

People v Mancilla

2025 NY Slip Op 01391

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-09622
 (Ind. No. 70257/22)

[*1]The People of the State of New York, respondent,
v
Angel Mariano Esquivel Mancilla, appellant.

Jason M. Bernheimer, Chappaqua, NY, for appellant.
Susan Cacace, District Attorney, White Plains, NY (Raffaelina Gianfrancesco of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Robert J. Prisco, J.), rendered September 29, 2023, convicting him of burglary in the second degree and aggravated family offense, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
"Conditions agreed upon as part of a plea bargain are generally enforceable, unless violative of statute or public policy" (People v Hicks, 98 NY2d 185, 188). "'[A]n enhanced sentence may be imposed on a defendant who, in violation of an express condition of a plea agreement, has failed to truthfully answer questions during a probation department interview'" (People v Durkin, 214 AD3d 741, 742, quoting People v Guzman-Hernandez, 135 AD3d 957, 957; see People v Shealy, 195 AD3d 1047, 1048). "Due process, however, requires that, before imposing an enhanced sentence, the court conduct an inquiry sufficient for it to determine that the defendant indeed violated the plea condition" (People v Foster, 153 AD3d 1429, 1429; see People v Valencia, 3 NY3d 714, 715; People v Guzman-Hernandez, 135 AD3d at 957).
Here, the condition of the defendant's plea agreement that he cooperate with the Department of Probation by, inter alia, "being truthful with [the] probation officer" and not "minimiz[ing] [his] responsibility" was explicit and objective, and was acknowledged, understood, and accepted by the defendant as part of the plea agreement (see People v Hicks, 98 NY2d at 189; People v Ramirez, 175 AD3d 569, 570). The defendant violated that condition by denying his involvement in the crimes he was convicted of by stating that, among other things, he "didn't do anything" during his interview with the probation officer. Therefore, the County Court providently exercised its discretion in, after a hearing, imposing an enhanced sentence (see People v Holland, 218 AD3d 490, 491; People v Takie, 172 AD3d 1249, 1250).
To the extent that the defendant contends that the enhanced sentence imposed was excessive, a general waiver of the right to appeal that is knowing, voluntary, and intelligent encompasses the claim that the term of imprisonment imposed under an enhanced sentence is harsh and excessive where, as here, the defendant was informed that a maximum sentence could be imposed if he failed to comply with the conditions of the plea agreement (see People v Florio, 179 [*2]AD3d 834, 834; People v Frazier, 127 AD3d 1229, 1230). Here, the defendant's valid general waiver of his right to appeal precludes appellate review of the excessiveness of his sentence (see People v Florio, 179 AD3d at 835; People v Catanzaro, 157 AD3d 961, 962).
MILLER, J.P., DOWLING, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court