People v Patterson (2025 NY Slip Op 06337)

People v Patterson

2025 NY Slip Op 06337

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2022-08871
 (Ind. No. 2160/20)

[*1]The People of the State of New York, respondent,
v
Daequan Patterson, appellant.

Patricia Pazner, New York, NY (Alexa Askari of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ann Bordley, Jean M. Joyce, and Isaac Rounseville of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sharen Hudson, J.), rendered September 22, 2022, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). Contrary to the defendant's contention, the Supreme Court neither mischaracterized the finality of the appeal waiver nor inadequately explained that the defendant retained the right to counsel (see People v Sorino, 235 AD3d 782, 783; People v Dyce, 233 AD3d 890, 891). The court's colloquy followed, almost verbatim, the model colloquy for the waiver of the right to appeal drafted by the Unified Court System's Criminal Jury Instructions and Model Colloquy Committee, the use of which has been endorsed by this Court in People v Batista (167 AD3d 69, 76-78) and by the Court of Appeals in People v Thomas (34 NY3d at 566-567). Moreover, any alleged ambiguity in the oral colloquy was cured by the detailed written waiver of the right to appeal (see People v Ramos, 7 NY3d 737, 738; People v Batista, 167 AD3d at 75).
The defendant's valid waiver of his right to appeal precludes appellate review of his challenge to the constitutionality of the indictment in light of the decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1) (see People v Walcott, 238 AD3d 1177; People v Felipe, 236 AD3d 920, 921; People v White, 234 AD3d 884, 885), as well as his claim that his sentence as a second felony offender was unconstitutional in light of Erlinger v United States (602 US 821) (see People v Serva, _____ AD3d _____, 2025 NY Slip Op 05537; People v Bennett, 122 AD3d 871, 872; People v Haynes, 70 AD3d 718, 719).
The defendant's contention that the order of protection issued at the time of sentencing failed to include his jail-time credit survives his appeal waiver (see People v Ramos, 164 AD3d 922, 923; People v Kennedy, 151 AD3d 1079, 1079). However, the contention is unpreserved for appellate review, as the defendant did not challenge the duration of the order of protection at sentencing or move to amend the order of protection anytime thereafter (see People v Nieves, 2 [*2]NY3d 310, 316-317; People v Lowe, 216 AD3d 670, 671; People v Ramos, 164 AD3d at 923). Under the circumstances, we decline to reach it in the exercise of our interest of justice jurisdiction (see People v Argudo, 232 AD3d 907, 908; People v Crosby, 230 AD3d 597, 598). "[T]he better practice—and best use of judicial resources—is for a defendant seeking adjustment of . . . an order [of protection] to request relief from the issuing court in the first instance, resorting to the appellate courts only if necessary" (People v Nieves, 2 NY3d at 317; see People v Lloyd-Douglas, 208 AD3d 520, 522; People v Daniel A., 183 AD3d 909, 910).
IANNACCI, J.P., GENOVESI, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court