People v Suero (2025 NY Slip Op 06626)

People v Suero

2025 NY Slip Op 06626

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
SUSAN QUIRK, JJ.

2022-05445
 (Ind. No. 70174/21)

[*1]The People of the State of New York, respondent,
v
Gilberto Suero, appellant.

Patricia Pazner, New York, NY (Joshua M. Levine of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Thomas B. Litsky and James Joseph Gandia of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Lisa Grey, J.), rendered May 31, 2022, convicting him of course of sexual conduct against a child in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
"An enhanced sentence may be imposed on a defendant who, in violation of an express condition of a plea agreement, has failed to truthfully answer questions during a probation department interview" (People v Guzman-Hernandez, 135 AD3d 957, 957; see People v Hicks, 98 NY2d 185, 187). "Due process, however, requires that, before imposing an enhanced sentence, the court conduct an inquiry sufficient for it to determine that the defendant indeed violated the plea condition" (People v Guzman-Hernandez, 135 AD3d at 957; see People v Valencia, 3 NY3d 714, 715; People v Outley, 80 NY2d 702, 712). Here, the Supreme Court properly imposed an enhanced sentence (see People v Guzman-Hernandez, 135 AD3d at 957-958).
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Batista, 167 AD3d 69). The defendant's valid waiver of his right to appeal precludes review of the defendant's contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 256; People v Batista, 167 AD3d at 75).
Defense counsel's conduct at sentencing did not deprive the defendant of the effective assistance of counsel (see Strickland v Washington, 466 US 668; People v Baldi, 54 NY2d 137).
DILLON, J.P., FORD, DOWLING and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court