People v Torres (2025 NY Slip Op 07417)

People v Torres

2025 NY Slip Op 07417

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HELEN VOUTSINAS
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2024-01876
 (Ind. No. 28/23)

[*1]The People of the State of New York, respondent,
vJesus Torres, appellant.

Kenyon C. Trachte, Newburgh, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Andrew R. Kass of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered January 26, 2024, convicting him of rape in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
"Sentencing is a critical stage of the criminal proceeding and . . . must satisfy the requirements of the Due Process Clause" (People v Owensford, 209 AD3d 766, 769 [alteration and internal quotation marks omitted]). "'Due process . . . requires that, before imposing an enhanced sentence, the court conduct an inquiry sufficient for it to determine that the defendant indeed violated the plea condition'" (People v Suero, _____ AD3d _____, _____, 2025 NY Slip Op 06626, *1, quoting People v Guzman-Hernandez, 135 AD3d 957, 957; see People v Valencia, 3 NY3d 714, 715; People v Outley, 80 NY2d 702, 713). "A sentencing court faced with an allegation that a defendant violated a condition of a plea agreement must conduct an inquiry sufficient to satisfy itself that there is a legitimate basis for such a finding" (People v Mays, 181 AD3d 874, 875; see People v Fiammegta, 14 NY3d 90, 98). Contrary to the defendant's contention, the County Court's determination that the defendant violated the conditions of his plea agreement by violating the law was supported by sufficient reliable and accurate information (see People v Mays, 181 AD3d at 875; People v Turner, 158 AD3d 892, 893).
The defendant's challenges to the plea conditions, the County Court's warnings during the plea allocution, and the admission of certain evidence during the Outley hearing are unpreserved for appellate review (see CPL 470.05[2]), and we decline to review them in the exercise of our interest of justice jurisdiction.
Contrary to the defendant's contention, the record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; see also People v Lopez, 6 NY3d 248). "The [County] [C]ourt's colloquy followed, almost verbatim, the model colloquy for the waiver of the right to appeal drafted by the Unified Court System's Criminal Jury Instructions and Model Colloquy Committee, the use of which has been endorsed by this Court in People v Batista (167 AD3d 69, 76-78), and by the Court of Appeals in [*2]People v Thomas (34 NY3d at 566-567)" (People v Patterson, _____ AD3d _____, ______, 2025 NY Slip Op 06337, *1). "Moreover, any alleged ambiguity in the oral colloquy was cured by the detailed written waiver of the right to appeal" (People v Patterson, _____ AD3d at _____, 2025 NY Slip Op 06337, *1). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 256; People v Batista, 167 AD3d at 75).
CHAMBERS, J.P., VOUTSINAS, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court