People v Alonzo (2026 NY Slip Op 01208)

People v Alonzo

2026 NY Slip Op 01208

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2025-06227
 (Ind. No. 70794/23)

[*1]The People of the State of New York, respondent,
vJose Ramos Alonzo, appellant.

Alex Smith, Middletown, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Christopher P. Borek of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Hyun Chin Kim, J.), rendered February 24, 2025, convicting him of rape in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the County Court erred in imposing an enhanced sentence without holding a "sufficient" hearing is unpreserved for appellate review, since the defendant neither requested a hearing or that any additional inquiry be conducted nor moved to withdraw his plea on this ground (see People v Durkin, 214 AD3d 741, 742; People v Shealy, 195 AD3d 1047, 1048). In any event, "[a]n enhanced sentence may be imposed on a defendant who, in violation of an express condition of a plea agreement, has failed to truthfully answer questions during a probation department interview" (People v Guzman-Hernandez, 135 AD3d 957, 957; see People v Hicks, 98 NY2d 185, 187). Under the circumstances of this case, the court's inquiry was sufficient to determine that the defendant had violated a condition of his plea agreement (see People v Durkin, 214 AD3d at 742; People v Shealy, 195 AD3d at 1048).
The defendant's waiver of his right to appeal is valid and precludes appellate review of his contentions that the sentence imposed was excessive and constituted cruel and unusual punishment (see People v Lopez, 6 NY3d 248, 255-256; People v Myke, 232 AD3d 913).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
DILLON, J.P., DOWLING, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court